**ROBERTS et al. v. ROBERTS et al.**
(No. 1761.)

(Court of Civil Appeals of Texas. El Paso. Dec. 24, 1925.)

**1. Tenancy in common ⬤⇒28(3) — Cotenant need not account for profits until he has refused formal demand for admittance to possession.**

A tenant in common, using and cultivating common estate, cannot be made to account to cotenant for profits or reasonable rental value until formal demand by cotenant to be admitted to possession in common has been made and refused.

**2. Homestead ⬤⇒140—Tenant in common held not liable to cotenants for rents and profits arising from homestead interest.**

A surviving husband, as tenant in common in possession of estate, portion of which was his homestead, *held* not accountable to cotenants for rents and profits arising from homestead interest.

**3. Homestead ⬤⇒140—Evidence held not to show tenant in common rented out more than his homestead interest in land.**

In action for partition and accounting for rents and profits by cotenants against surviving husband as tenant in possession, who had homestead right in property, evidence *held* not to show that tenant in possession rented out more than his homestead interest.

**4. Partition ⬤⇒12(3) — Property, more than half of which constituted homestead of defendant, not subject to partition.**

Where defendant in partition suit had homestead interest in more than half of tract which was sought to be partitioned in two equal parts by cotenants, partition *held* improper, in view of Const. art. 16, § 52.

**5. Tenancy in common ⬤⇒30—Cotenant may exact contribution for taxes and incumbrances.**

In partition suit against cotenant in possession, latter may exact contribution from other tenants in common for amounts paid by him for taxes and on incumbrances.

**6. Partition ⬤⇒85—Cotenants liable for proportionate part of improvements on lands allotted to them.**

In partition suit against tenant in common, who has been in possession for many years, cotenants are liable to defendant for their proportionate part of any improvements made by him on lands allotted to them.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by J. C. Roberts and others against M. P. Roberts and others. Decree in favor of plaintiffs, and defendants appeal. Reversed and remanded.

H. A. Tillett and Stinson, Coombes & Brooks, all of Abilene, for appellants.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellees.

PELPHREY, C. J. This is a suit for the partition of 320 acres of land in Taylor county, Tex., instituted by the nine children of appellant M. P. Roberts and his first wife, J. J. Roberts.

Appellees allege that the land sought to be partitioned was acquired during the marriage of M. P. Roberts and his first wife, J. J. Roberts, deceased; that upon her death an undivided one-half interest in said land vested in them as her heirs. They further allege that the land is not susceptible of partition on account of improvements on the same, and pray for a judgment declaring the land not susceptible of partition, and that it be sold, and, in the alternative, if the court should find the land to be susceptible of partition, for the appointment of commissioners and partition.

Appellant M. P. Roberts answered with a general denial, and specially pleaded that the property was acquired by him on the 17th day of November, 1900; that part of the purchase price was paid in cash; that he assumed some outstanding notes against the land, and executed purchase-money notes for the balance; that he, together with his first wife and nine children, moved onto the land soon after its purchase, and occupied the same as their homestead until the death of

his first wife, which occurred about the 1st day of March, 1901; that as such head of a family he is entitled, under the Constitution and laws of Texas, to 200 acres of said land as a homestead, exempt to him as such; that he has at all times since the purchase thereof occupied the land as a homestead, and that as such homestead it is exempt from forced sale or partition; that the children continued to live with appellant on the land until they reached their majorities or married; that on or about the 25th day of December, 1901, he married the present Mrs. Roberts, and that three children were born to them; that he has never refused appellees the joint possession of the said land; that he has placed improvements on the land of the value of $2,500; that he paid off the indebtednesses on the land together with the interest thereon amounting to $8,330.75; that he has paid the taxes on the property, which, together with interest thereon, amount to $1,935.54; and that the property is susceptible of partition.

Appellant prays that his homestead rights be established and fixed in 200 acres of said land; that the remainder be partitioned; that a lien be established and fixed and foreclosed in his favor against that portion of land partitioned to appellees for one-half of the sums of money paid out by him on the purchase price and for taxes and improvements, with interest thereon from time of payment; that a receiver be appointed to sell the lands partitioned to appellees, and be directed to pay to appellant the sums prayed for; and that commissioners be appointed to make the partition.

Appellant Mrs. M. P. Roberts adopted the answer of appellant M. P. Roberts, and specially answered, alleging the use of the property by M. P. Roberts and herself as a homestead; that during the minority of the appellees she had cared for them as if she were their own mother; that none of them were ever denied the use and occupancy of the land in question; that the rents and profits from the land had never amounted to more than the costs incident to providing for appellees' and appellants' necessities of life and to keep the premises in repair; that any claim appellees might have for rents and profits is barred by limitations; that she and appellant M. P. Roberts had used the revenues derived from other lands owned by them in discharging the indebtedness on the 320 acres which is sought to be partitioned.

Appellees, in a supplemental petition, deny that appellant is entitled to recover any of the sums paid out by him on the purchase price or for taxes, alleging that he has received the rents and revenues from said land amounting to $12,000 or $14,000, and that the rent on the undivided one-half interest in said land amounted to at least $500 per annum, and that amount for 24 years would be $12,200, and, with interest thereon, would aggregate at least $16,000, and that the rents

would greatly exceed any improvements placed on the land by appellant.

Appellees further allege that appellant purchased a certain 140-acre tract of land with the rents and revenues derived from the land sought to be partitioned, and that they are entitled to an undivided one-half interest therein.

Appellants filed a general denial of all the allegations in appellees' supplemental petition.

The case was tried before the court, and resulted in a judgment finding that the land was susceptible of partition; that appellees were the legal, and only legal, heirs of Mrs. J. J. Roberts, deceased; that the 320 acres was the community property of M. P. Roberts and Mrs. J. J. Roberts at the time of her death; that Mrs. J. J. Roberts died intestate; that, immediately after the death of Mrs. J. J. Roberts, M. P. Roberts took charge of the property and excluded from the possession of same the heirs at law of Mrs. J. J. Roberts, deceased; that at all times since he has exercised the control and possession of said property against appellees; that M. P. Roberts and Mrs. J. J. Roberts were living on the said land at the time of her death, and their homestead was on the land; that M. P. Roberts has had his homestead on said land since the death of his first wife; that the amount of the incumbrances on said land and the taxes were paid by appellant out of the rents and revenues from the land; that appellees are the owners in fee simple of an undivided one-half interest in the 320 acres, subject to the homestead right of appellant M. P. Roberts; that appellant M. P. Roberts is entitled to an undivided one-half interest in said land. In its judgment the court appointed commissioners to partition the land, and ordered them to exclude from their consideration the house, barn, stormhouse, and cistern used by appellant; to then divide the land into two equal parts as to value; to lay off the homestead of appellant, giving due regard to his wishes.

Appellants, in their assignments of error, 1 to 5, inclusive, complain of the admission of the testimony of W. L. Roberts, M. C. Gamble, J. A. Roberts, J. C. Roberts, and R. R. Roberts concerning the reasonable and customary rental value per acre per annum of the land in controversy; appellants' contention being that, if they were liable for the rents and revenues at all, it would only be for the amounts actually received by them.

[1] It seems to be a well-settled rule of law that one tenant in common, who uses and cultivates the common estate, cannot be made to account to his cotenant for profits arising therefrom until the cotenant has made formal demand to be admitted to the possession in common, and such possession has been refused. Thompson et al. v. Jones et al., 77 Tex. 626, 14 S. W. 222; Phœnix Land Co. v. Exall (Tex. Civ. App.) 159 S. W. 474; Tomp-

kins v. Hooker (Tex. Civ. App.) 200 S. W. 193; Akin v. Jefferson, 65 Tex. 137; Neil v. Shackelford, 45 Tex. 119.

There are some cases holding that, where one tenant in common rents out the estate and receives the rents, he can be made to account therefor. Morris v. Morris, 47 Tex. Civ. App. 244, 105 S. W. 242. But we are unable to find any authorities holding that, without demand for the equal use of the estate by the cotenant, and a denial, the tenant in possession would be liable for more than the actual rents received. We therefore are of the opinion that the trial court erred in admitting the testimony of the witnesses as to the reasonable rental value of the land in question.

[2] From the facts in this case we cannot see how appellant would be liable for any rents or profits. The evidence shows the estate to consist of 320 acres of land, 200 of which was the homestead of appellant to which he had an exclusive right of use, and the rents and profits arising therefrom were his separate property. Mattingly v. Kelly (Tex. Civ. App.) 124 S. W. 483; Ruble v. Ruble (Tex. Civ. App.) 264 S. W. 1018.

[3] The evidence shows that there had never been a designation of homestead out of the 320 acres, and we are of the opinion that appellees, before they would be entitled to an accounting for rents and profits, would have the burden of showing that appellant had used and rented out more than the 200 acres allowed him as a homestead, and that this would be true even if there had been a demand by them for possession and a refusal by appellant. This, we think, they failed to do in this case, and, consequently, the court erred in its judgment offsetting the rents and revenues of the land against appellants' claim for moneys paid for taxes and in discharging liens.

[4] In appellants' fourteenth assignment of error they complain of the court's action in finding the lands susceptible of partition, and contend that the court should have found the residue of the land, after appellant M. P. Roberts' homestead had been set apart, to be incapable of partition, and should have ordered the same to be sold and the proceeds partitioned after appellant M. P. Roberts had been reimbursed for liens, incumbrances, and taxes paid by him.

If partition could be effected without in any way conflicting with the homestead rights of appellant M. P. Roberts, then we think the court's judgment was correct, but, if any part of the land set aside to appellees should be necessarily covered by the homestead of appellant M. P. Roberts, then the court was clearly in error for, by the provisions of section 52, art. 16, of our Constitution, partition of the homestead during the lifetime of the surviving husband or wife is prohibited.

From the evidence, as we view it, and from the judgment of the court itself, it appears that, by a division of the land in controversy in two equal parts as to value, the part allotted to appellees would necessarily include part of appellant M. P. Roberts' homestead, which would be a partition of the homestead, prohibited by our Constitution.

[5] We also agree with appellants that appellant M. P. Roberts had a right to exact contribution from appellees for the amounts paid by him for taxes and on the incumbrances proportionate to their interest. Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631; Branch v. Makeig, 9 Tex. Civ. App. 399, 28 S. W. 1050; Niday v. Cochran, 42 Tex. Civ. App. 292, 93 S. W. 1027; Anderson v. McGee, 61 Tex. Civ. App. 274, 130 S. W. 1040.

[6] We are further of the opinion that appellees would be liable to appellant M. P. Roberts for their proportionate part of any improvements made by him on lands allotted to them in partition, where all the improvements could not be allotted to him. Robinson v. McDonald's Widow & Heirs, 11 Tex. 385, 62 Am. Dec. 480; Whitmire et ux. v. Powell et al., 103 Tex. 232, 125 S. W. 889.

For the reasons above stated we are of the opinion that the trial court was in error in the judgment rendered, and the judgment is therefore reversed and remanded.

Reversed and remanded.