## ANDERSON v. ANDERSON et al.
### No. 2848.

Court of Civil Appeals of Texas. El Paso.

June 15, 1933.

Rehearing Denied July 13, 1933.

John T. Gano, of Dallas, for plaintiff in error.

Thompson, Knight, Baker & Harris, of Dallas, and J. T. Spencer, of Waxahachie, for defendants in error.

WALTHALL, Justice.

This suit is brought by A. J. Anderson, plaintiff in error, against Nora Anderson, individually and as independent executrix of the will and estate of J. P. Anderson, deceased, and M. B. Anderson, Wilson Anderson, J. P. Anderson, Jr., and Harold Anderson, for the partition and division of some fifty tracts and parcels of land, and some personal property consisting of bonds, stock in corporations, money and cattle, fully described in the petition, situated in the counties of Dallas and Ellis, Tex., and for an accounting of said properties and estate, and asking for the appointment of commissioners, a writ of partition and judgment in such amount as may be found to be due and owing him, and for relief general and special. The suit was filed on April 9, 1932.

Plaintiff in error, in effect, alleges that he is the owner of one equal undivided part of said lands and premises and said personal properties, and that defendants in error are the owners of one equal undivided part of said land and premises and of said personal properties, and that the approximate estimated value of the properties is in excess of $100,000.

Plaintiff in error alleges that M. B. Anderson, deceased, and wife, Mary J. Anderson, were the owners of certain real estate situate in the counties of Dallas and Ellis, state of Texas, included in which are the said properties; that said M. B. Anderson died in about the year 1892, and that his portion of said estate was inherited partly by his wife, Mary J. Anderson, and partly by his two sons, J. P. Anderson and A. J. Anderson; the said J. P. Anderson and A. J. Anderson thereupon made a partition division of certain of the properties of that estate, but continued to hold a part of such estate jointly and to operate same jointly for the benefit of each, and which part not so divided at that time is included in the above-described properties; that thereafter, about the year 1911, the said Mary J. Anderson died, and her estate and properties were inherited jointly by her two sons, said J. P. Anderson and A. J. Anderson; that said

Mary J. Anderson left a will which was duly probated, and about the year 1915 when said estate was closed in the probate court a division of the rents and revenues, accrued at that time, was made between the said J. P. Anderson and A. J. Anderson, but the lands so inherited were not partitioned in any wise, but were continued to be held jointly, handled and operated by them for the joint use and benefit of each; that thereupon and during that period of time said J. P. Anderson and A. J. Anderson each took actual charge and control of certain of the real estate and properties agreed upon between them for the purpose of operating same with more efficiency and economy and for the joint benefit of each; that in so operating such properties each managed and handled the properties over which he had actual supervision, made rental contracts concerning same, made improvements thereon, collected rentals therefrom, secured all other revenues therefrom, paid taxes thereon, invested and reinvested the profits therefrom in other real estate and personal properties, all for the joint use and benefit of each; that such condition continued up to and until the death of said J. P. Anderson on April 21, 1928; that since his death there has been no partition or division of their joint properties, and such properties have been continued to be operated in such manner by plaintiff in error and defendants in error until proper division and partition can be made thereof; that said J. P. Anderson died leaving a will which was duly probated, under the terms of which defendant in error Nora Anderson, wife of J. P. Anderson, deceased, was made independent executrix and a beneficiary, and that said other defendants in error are also beneficiaries; that said properties operated and handled by said J. P. Anderson were of much greater value than the properties handled by said A. J. Anderson, but that said A. J. Anderson had consented thereto, and states the reason for so consenting, which we omit to state; that the gross and net revenues from the parts handled by the said J. P. Anderson were in excess of those handled by said A. J. Anderson; that such income and revenues were collected by said J. P. Anderson and held by him jointly for the use of himself and said A. J. Anderson and were by him invested and reinvested in other real estate and personal properties and the properties described.

Defendants in error answered by general demurrer, special exceptions, general denial, special answer, the statutes of limitation as to any rents and revenues collected, special answer to the effect that, if any agreement ever existed concerning the operation of any real property received by them through the will of Mary J. Anderson, or by conveyance to them, as alleged, that such operation be-

gan more than twelve years prior to the death of said J. P. Anderson, and that no definite records have been kept of any of the transactions as to rents and revenues or investments of any funds arising therefrom, or expenses connected therewith, and that, if any right of accounting accrued during the lifetime of said J. P. Anderson and long prior to his death, such right of accounting should have been asserted during his lifetime when such collections, expenditures, and expenses could have been definitely ascertained, and, by reason of such delay, defendants in error pleaded a stale demand and estoppel. Defendants in error pleaded the payment of taxes, repairs on the property, expense of handling the property, stating the several amounts. Defendants in error by special answer further say that the only real property in which plaintiff in error and J. P. Anderson were ever jointly interested or owned together as tenants in common is as follows: (Then describes each tract or parcel of land, and of same makes a detailed statement, unnecessary to copy here.)

Defendants in error alleged that, at the final discharge of administration of the estate of Mary J. Anderson, deceased, on or about the 23d of September, 1915, and on or about the 16th of October, 1916, J. P. Anderson and plaintiff in error orally agreed to partition between them certain lands indicated, and makes statement with reference thereto; that, acting upon said agreed partition, J. P. Anderson took immediate possession of the property allotted to him and has held same, improving, using, and occupying same, etc., to the time of his death; that, acting upon said agreed partition. plaintiff in error took immediate possession of the property allotted to him, and has had exclusive control of same, etc.; that defendants in error have had continuous adverse possession, etc., since said partition, and plaintiff in error generally and specially denied such oral partition, and filed a trial amendment more fully describing certain of said lands.

Defendants in error filed a verified trial amendment and thereby specially denied that J. P. Anderson and plaintiff in error were ever partners as to the matters in controversy.

The case was submitted to a jury on special issues. In the charge the court described to the jury the lands in controversy. On the special issues submitted, the jury found:

(1) That plaintiff, A. J. Anderson, and his brother, J. P. Anderson, did not enter into a parol agreement as to the partition of the lands in question either on or about September 23, 1915, or on or about October 16, 1916.

(2) J. P. Anderson and the defendants in this cause have not had the continuous adverse possession of the lands in dispute as hereinbefore described, shown by the evidence to have been in control and management of J. P. Anderson during his lifetime, holding and claiming the same as his own adversely to the claim of plaintiff herein for a period of ten years next before the date of the filing of this suit.

(3) The value of the improvements placed by J. P. Anderson during his lifetime upon the property known and referred to in the evidence as the "home place near Midlothian" the jury found to be $30,000.

(4) The plaintiff A. J. Anderson and his brother, John P. Anderson, during the years from 1915 to 1928, were not jointly operating the properties of the Mary J. Anderson estate for their joint and mutual benefit.

Issues 5, 6, 7, and 8, conditional, on answer to No. 4, and not answered.

(9-a) John P. Anderson paid more of the purchase price of the Rickett's 488-acre tract than did the plaintiff in such purchase.

(9-b) John P. Anderson paid $13,500 more than plaintiff, A. J. Anderson, of the consideration of the purchase of the Rickett's tract.

(10-a) John P. Anderson, at the time of the purchase of the one-third interest in the Mary J. Anderson lands from Ricketts and husband, did not pay more of the purchase price thereof than did the plaintiff.

(10-b) Conditional on answer to 10-a, and not answered.

The court received the verdict, and, after reciting the jury's findings, and that, "it appearing from the undisputed evidence that the only property described in plaintiff's pleadings in which he has any interest is the lots, tracts and parcels of land hereinafter described, and that the plaintiff has no right, title or interest in any of the other properties described in his pleading," the court decreed that plaintiff in error take nothing against defendants in error as to any of said properties except as to certain parcels of land described in the judgment; also that plaintiff in error take nothing upon this claim for an accounting; denied the claim asserted by defendants in error as to a partition of said lands; denied the claim asserted by defendants in error under their plea of limitation. The court in the judgment, after reciting, "It further appearing from the undisputed evidence that the plaintiff, owning an undivided one-half interest, and the defendants (naming them and the capacity in which they are sued), owning the other undivided one-half interest, are the joint owners of all those certain tracts and parcels of land lying and being situated in Dallas & Ellis Counties and described as follows:" (Then described the said several

tracts), as to said tract of land the judgment provides that the rights of the plaintiff in error and the defendants in error are subject to the equities set forth, and that, subject to such equities, the parties are entitled to a partition of the lands described in the proportions stated. The judgment further recites that, it appearing from the undisputed evidence and the agreement made in open court that the defendants and John P. Anderson during his lifetime have paid the taxes on all of said properties, stating the amount, it was decreed that defendants in error are entitled to have set aside to them of said properties such portion as will be of the value (of said taxes paid), and directs that the commissioners, out of such jointly owned property, set aside to defendants in error so much thereof as will be of the value of the sum of said taxes. The judgment then refers to the difference in the amount of the purchase price paid, as in issue 9, on the tract stated, (O) and decreed that the commissioners shall, in said partition, out of said tract O set out to defendants in error a sufficient portion to equal in value the sum of $13,500. The judgment then provides that, after the properties have been set aside as above, then the remaining portion of said jointly owned property described shall be by said commissioners set aside in severalty in the proportion stated, subject to the rights of defendants in error to be reimbursed for the $30,000 improvements placed thereon, and directs the commissioners, in so far as practical, to set aside to defendants in error all such portions of the home place as have been improved by J. P. Anderson, without charging to defendants in error the value of such improvements, and, if it is impractical to do so, then in that event the present value of such improvements as are located upon such portion set aside to plaintiff in error shall be charged against his interest and the defendants in error shall be entitled to so much in value of said jointly owned property as is equal to the value of the said improvements without same being charged against defendants in error's jointly owned property.

The court in the judgment appointed three commissioners to partition said properties in accordance with the terms and provisions of said decree, authorizing them, if necessary, to appoint a surveyor, and directing that they file a report; that the costs be determined by the final decree.

The court overruled plaintiff in error's motion for a new trial, and he prosecutes this appeal by writ of error.

## Opinion.

The record does not include a statement of facts.

■ Plaintiff in error sued for a partition of real estate and certain personal properties; the latter, it was alleged, consisted of bonds, stock in corporations, money, and cattle, and for an accounting. Defendants in error joined issues, and as to some of said personal property alleged that by oral agreement between the parties plaintiff in error received all of the live stock, farming implements, and all other personal property located on the home place. The trial court's judgment recites that the undisputed evidence shows that the only property, real or personal, in which plaintiff in error has any interest is set out in the judgment in partition. An accounting is denied. In the absence from the record of a statement of facts, and, no objections having been made to the charge of the court, or the issues submitted, or the form or manner of submitting the issues, reversible error, we think, is not made to appear, in that the judgment makes no affirmative disposition by the submission of issues or otherwise of any personal property, and for that reason not a final judgment.

■■ The court submitted, and the jury found, under special issue No. 4, that plaintiff in error and J. P. Anderson, during the years intervening from 1915 to 1928, were not jointly operating the properties of the Mary J. Anderson estate for their joint and mutual benefit; the court instructed the jury, in that connection, that, in the event they should so find, they need not answer Nos. 5, 6, 7, and 8, inquiring how much plaintiff in error received as revenue during the time stated on said properties, or how much he expended in connection with the operation of said properties during said period, or how much J. P. Anderson received as revenues from such properties during said period, or how much the two received and expended of the revenues of said properties during said period. We think, in view of the record before us, as above stated, there being no objections to the charge or special charge otherwise submitting the issues, the court properly determined from the jury's findings that no accounting would follow, and entered a final judgment. In other words, if as found by the jury under issue No. 4, the properties were not jointly operated for the joint and mutual benefit of plaintiff in error and J. P. Anderson, plaintiff in error would have no suit for an accounting for rents and revenues, there being no privity of interest, no joint occupancy of the properties, and no duty of the one to account to the other in a suit for an accounting, and especially would that be true in the absence of a showing that plaintiff in error had been denied possession and occupancy with J. P. Anderson, or defendants in error. Roberts v. Roberts (Tex. Civ. App.) 278 S. W. 937, and cases there cited. In the

absence of a statement of facts, we must presume in favor of the judgment. We think the judgment is a final judgment.

Plaintiff in error submits other propositions complaining of the judgment for taxes, excess in payment of purchase price, and value of improvements; the correctness of the ruling depending upon the question of the primary issue of plaintiff in error's right to an accounting for rents and revenues derived from a joint use and occupancy of said properties.

Finding no reversible error, the case is affirmed.