## CUTLER v. GLENN.
### No. 8204.

Court of Civil Appeals of Texas. Austin.
April 10, 1935.

Chas. Nordyke, of Lubbock, for appellant.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

McCLENDON, Chief Justice.

Suit by Glenn, receiver of Temple Trust. Company, against Cutler, upon the last of a series of notes executed by Ely and wife in favor of Temple Trust Company, and thereafter assumed by Cutler; and to foreclose a trust deed lien securing the notes. Cutler pleaded usury, which defense the receiver contended was not available, since Cutler's assumption purged the transaction of such taint. The trial court sustained this contention, refused to admit evidence sustaining the plea, and rendered judgment for the receiver upon a directed verdict. Cutler has appealed.

The note and trust deed were executed May 20, 1924. Ely and wife conveyed the lien property to Cutler on August 8, 1924, the recited consideration in the deed being: "Five Hundred and No/100 ($500.00) Dollars cash in hand paid, the receipt of which is hereby acknowledged and confessed, and the assumption and agreement to pay by the said H. W. Cutler of a loan in the amount of $1,500.00 due the Temple Trust Company of Temple, Texas, dated May 20th, 1924, being in five notes as follows: Four for the principal sum of $200.00 each, and one note for the principal sum of $700.00, due respectively June 1st, 1926, 1928, 1930, 1932 and 1934, bearing interest from date until maturity as therein provided, said interest being payable semiannually on the first days of June and December in each and every year until the maturity of said notes, according to the tenor and effect of interest coupons thereto attached, and bearing interest after maturity at the rate of ten per cent. per annum, payable semi-annually, and the assumption and agreement to pay by the said H. W. Cutler, of three certain promissory notes dated April 22nd, 1924, and being notes Nos. 2, 3, and 4, of a series of four notes executed by J. W. Ely, payable to the order of W. H. Turner, Notes Nos. 2 and 3, being for the principal sum of $300.00 each, and Note No. 4 for the sum of $150.00, all of said notes payable to the order of W. H. Turner at Lamesa, Texas, on or before November 1st of the years 1924, 1925 and 1926, respectively, bearing 8% interest per an-

num, interest payable annually, all of said notes also provide for 10% additional if same should be placed in the hands of an attorney, sued on or collected by or through the Probate Courts, and the further provision for the failure to pay any of said notes or any installment of interest thereon as the same shall become due and payable, may mature any one or all of said notes at the option of the holder or holders thereof."

That this assumption was of the entire amount represented by the notes, and not of the nonusurious amount thereof only, is manifest and requires no elucidation; bringing the case within the holding in Moore v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 828, Haney v. Same (Tex. Civ. App.) 55 S.W.(2d) 894, and authorities therein cited. The note sued on is the one for $700, maturing June 1, 1934; all the other notes embraced within the assumption having been paid.

Cutler sought to uphold his plea of usury under an assignment to him by Ely and wife, the pertinent portions of which read: "All our rights of defenses that we ever held as a matter of legal right against said loan contract entered into between us and the said Temple Trust Company, as set forth above, and hereby consent to and authorize the said H. W. Cutler to set up and maintain in his own name and for his own behalf, all the defenses and causes of action that we ever held and now hold against said loan contract entered into between ourselves and Temple Trust Company * * *."

■ Clearly nothing passed by this assignment in so far as purely defensive matters are concerned. Cutler could not defeat his personal liability upon the note, payment of which he had expressly assumed, by having transferred to him a mere defense which his vendors might have to their own personal liability.

■■ In the recent case of National Bond & Mortgage Corporation v. Mahaney, 80 S.W. (2d) 947, the Supreme Court held that payment of usurious interest by a vendee of the lien property, who had assumed the usurious debt as a part of the purchase price, was made on behalf of and inured to the benefit of the vendor, when the plea was available to the latter at the time of the conveyance. The record shows that four interest payments, aggregating $80.50, were made by Cutler within two years of the filing of the suit. The statutory penalty for collecting these sums constituted a cause of action in favor of Ely and wife against appellee, which passed by the assignment to Cutler, under the holding in the Mahaney Case. If the notes were in fact usurious, and the payments came within the holding in Jennings v. Texas Farm Mortgage Co. (Tex. Com. App.) 80 S.W.(2d) 931, then appellant was entitled to have the amount of his obligation offset by the amount of the recoverable penalty. The trial court therefore erroneously excluded the evidence supporting the plea of usury.

The trial court's judgment is reversed, and the cause remanded to that court.