### KELTNER et ux. v. GLENN et al.
### No. 8195.

Court of Civil Appeals of Texas. Austin.
April 10, 1935.

Lockhart & Brown, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellees.

**McCLENDON, Chief Justice.**

This suit involves questions of usury and homestead. Glenn, as receiver of Temple Trust Company, brought the suit against Keltner and wife upon a note executed by the latter in favor of the trust company, and to foreclose a trust deed lien securing the note. The trust company later joined as plaintiff. The trial was to a jury, and the judgment was in favor of the receiver upon a directed verdict. Keltner and wife have appealed.

 The note sued upon was for $8,300, and bore 7 per cent. interest payable in monthly installments. It was dated December 1, 1931, and was executed by Keltner and wife. It was given in renewal of the balance due upon a series of notes (and trust deeds securing them), executed by J. T. and C. B. Keltner in 1924. The principal amount of these notes was $14,000, but only $12,600 was actually loaned by Temple Trust Company. The transaction was in all essentials the same as that in Temple Trust Company v. Stobaugh (Tex. Civ. App.) 59 S.W.(2d) 916 (error dismissed), which we held to be usurious. Whether the evidence was conclusive in this regard, we find it unnecessary to decide. The lien property was owned at the time by both the Keltners, each of whom was personally obligated on the notes. On October 10, 1931, J. T. Keltner and wife conveyed their interest in the property to C. B. Keltner, the latter, as a part of the consideration, assuming the "unpaid balance" of the $14,000 loan recited to be "approximately $8250." It is upon this assumption appellees contend that the transaction was purged of the usurious taint, and that the trial court properly denied the plea of usury.

In this we cannot concur. C. B. Keltner was personally obligated to pay the entire amount of the original notes, and his assumption added nothing to that liability in so far as the holder was concerned. As between him and J. T. Keltner, the assumption made him primarily liable for the entire debt, and the liability of J. T. Keltner became thereby only secondary. This exact point was determined in Lasater v. Bank, 96 Tex. 345, 72 S. W. 1057. See, also, National Bond & Mortgage Corp. v. Mahaney (Tex. Com. App.) 80 S.W.(2d) 947, and Cutler v. Glenn (Tex. Civ. App.) 81 S.W.(2d) 1050.

The question of homestead is not briefed by appellees, and we will only state generally our views thereon.

 The deed under which J. T. and C. B. Keltner held the property was to them jointly, the interest of each not being stated. Presumptively, but rebuttably so, each acquired thereby an equal interest. By parol evidence it was shown that J. T. Keltner only owned a ⅓ and C. B. Keltner a ⅔ interest.

 At the time the original trust deeds were executed, J. T. Keltner was a single man. The lien therefore attached to his interest.

The evidence was sufficient, we think, to support a finding that the property was the homestead of C. B. Keltner and wife; that the transaction constituted a simple loan; and that the trust deed lien was therefore void as to C. B. Keltner's interest.

The trial court's judgment is reversed, and the cause remanded.