## FORD v. ANDERSON et al.
### No. 8118.

Court of Civil Appeals of Texas. Austin.

April 24, 1935.

W. H. Lipscomb and Robert P. Brown, both of San Angelo, for appellant.

Collins, Jackson, & Snodgrass, of San Angelo, and Sleeper, Boynton & Kendall, of Waco, for appellees.

444

McCLENDON, Chief Justice.

Ford sued Anderson, Bolton and Cameron Lumber Company, in trespass to try title to recover an undivided 41⁄90 interest in two lots in San Angelo. From a judgment in favor of defendants upon a verdict, directed after plaintiff had closed his case, he has appealed.

The controlling question in the appeal is whether Ford made a prima facie showing of title. The relevant facts follow:

Plaintiff introduced the following instruments:

(1) Deed from himself and Anderson to Garrett, dated and recorded in 1922.

(2) Deed from Garrett to Anderson, in 1922, reserving a vendor's lien for part of the purchase money.

(3) Release of said lien by Garrett later in 1925.

(4) Deed from Anderson and wife to Bolton in 1925.

Ford introduced evidence to the effect that the deed to Garrett as originally drawn contained the name of Wheat in addition to that of Ford and Anderson as grantors; that it was first signed and acknowledged by Anderson, forwarded by him to Ford, who signed, acknowledged, and forwarded it to Wheat, who signed, acknowledged, and returned it to Anderson, with a notation that he saw no reason why he should execute the instrument, since the record did not disclose that he owned any interest in the property. Anderson thereupon deleted from the instrument Wheat's name, his signature, and his acknowledgment. The record does not show whether the instrument offered in evidence was the original or certified copy; as presented in the record it appears to be a conveyance from Ford and Anderson to Garrett, without any reference to Wheat either as grantor. or as having signed or acknowledged it. Other than these instruments, there is not a scintilla of evidence in the record showing what, if any, interest Ford had in the property. Ford's assertion of a proper showing of title in him is predicated upon the proposition that the deed from him and Anderson constituted common source of title under which he and the defendants claimed; and that it would be presumed from the fact that Anderson and Ford were grantors in the deed that their interest as such was equal, that is, that each owned an undivided one-half interest under the general presumption that tenants in common own the common property equally where their respective interests are not otherwise shown. He further contends that the deed to Garrett was void as to him, because of the above material alteration, and that he was entitled to recover the interest sued for; it being less than his presumed interest of one-half.

■ Authorities from other states are cited to the effect that where land is conveyed to two or more parties, without stating the respective interests of the grantees, there is a rebuttable presumption that they take in equal undivided interests. This rule has been followed in this state. See Keltner v. Glenn, 81 S.W.(2d) 1051, recently decided by this court.

■■ We have not been cited to any authority which extends a like presumption of equal ownership to two or more grantors in a conveyance. There is a manifest distinction between the two cases which we think calls for a different rule as regards grantors. In the case of grantees, the title of each is acquired under a single instrument, the ordinary effect of which creates the relation of tenants in common. In the case of grantors, there is nothing in the face of their conveyance which indicates their relation to each other, or the title or interest under which they respectively hold. They may or may not be joint tenants. Each may have acquired an interest or claim in the property in any variety of modes. One may be the legal and the other the equitable holder of the title. They may have inherited in unequal undivided interests. It may be conceded that the lumber company deraigned its only title through this deed. But that does not show a common source of title between Ford and the lumber company. Ford acquired no title under the deed, and his claim of title is not in any sense predicated upon it, but upon the fact that as to him the deed is void. The most that can be said of the deed as an admission of interest in him by the lumber company is that he had some interest in the property.

The following Supreme Court cases support our view: Howard v. Masterson, 77 Tex. 41, 13 S. W. 635; Baldwin v. Goldfrank, 88 Tex. 249, 31 S. W. 1064; Hendricks v. Huffmeyer, 90 Tex. 577, 40 S. W. 1, 2.

The Howard Case is virtually on all fours with that of the instant case, the only difference being that the deed there was not a voluntary one, but was a sheriff's

deed under execution. Each of these three opinions was by Judge Gaines. In the Hendricks Case, referring to the Howard Case, he said: "The principle decided was that a grantee in a deed which purports to convey the interest of two or more persons in the land, but which does not specify the particular interest of either, does not, by accepting the conveyance, admit a previous title to any specific interest in either the one or the other. At least in a voluntary conveyance by two grantors, the acceptance by the grantee is an admission that both had an interest, but, unless the specific interest intended to be conveyed is named or described, it is not such an assertion of title to any interest in either one of the parties as will enable the plaintiff to recover any definite interest, by showing, in connection with the deed, a superior right to the interest of that grantor whose title he claims to own."

This holding is conclusive of the issue before us, not only as to an involuntary, but also as to a voluntary conveyance. The admission in the latter, as expressly held in this quotation, is only of an interest in the property conveyed, but not of any specific interest.

While not important under the above holding, it may be noted that under Ford's evidence the deed as originally executed was by three grantors. It could hardly be contended under this showing, even if the claimed presumption existed, that the interest of Ford was in excess of one-third.

The trial court's judgment is affirmed.

Affirmed.