**HAWKINS v. McCOWAN et al.**

No. 14450.

Court of Civil Appeals of Texas.
Dallas.

Jan. 11, 1952.

Rehearing Denied Feb. 15, 1952.

White & Yarborough, Dallas, and Sisco & Sisco, McKinney, for appellant.

Abernathy & Abernathy and Moses & Truett, all of McKinney, for appellees.

CRAMER, Justice.

This action was originally instituted by appellee McCowan et vir against the appellant and the other four appellees, alleging appellant and appellees are the only surviving children and heirs at law of Edward S. and Amelia Doty, both deceased; that they each inherited and now own a one-sixth interest in their deceased parents' urban homestead, also two rural tracts totaling about 13 acres, all described in plaintiff's petition. The prayer was for partition. Appellant answered by denial, and a cross action against her brother and sisters, asserting sole ownership of such property under an oral conveyance by her parents to her in consideration of her being with, looking after, and caring for her said parents during the balance of their natural lives.

Appellees answered the cross action by general denial, a plea of not guilty, and a

paragraph correcting certain field notes in their original petition.

The jury trial was on the theory that the common source of title was the deceased parents of the parties; appellant claiming under an oral conveyance from her parents; appellees claiming as heirs of such deceased parents.

At the conclusion of all the evidence the trial court sustained appellees' motion for an instructed verdict, entered judgment against appellant on her cross action, and partitioned the property one-sixth to each of the children of their deceased parents. Appellant has duly perfected this appeal from such judgment.

Appellant assigns seven points of error, in substance the error of the trial court, (1) in instructing a verdict against her; (2) in holding there was no evidence to support a parol conveyance of the property to her; (3) in admitting in evidence the testimony of Lyda, an heir, as to transactions with the deceased; (4) in refusing to strike such testimony of Lyda; (5) in holding appellant's prior possession did not support her claim of title; (6) in admitting in evidence deeds offered by appellees, there being no evidence that grantors therein had title to the property described in the deeds; and (7) in denying appellant a recovery of an interest in, or charge upon, the property by reason of valuable and permanent improvements made by her in good faith.

Appellant's points are countered separately by appellees, asserting no error shown therein.

All points will be considered together.

The statement of facts discloses, material here, the following: Lyda McCowan over objection that she was an interested witness under Art. 3716, testified as to the number of children of her deceased parents (seven, one of whom died childless in 1919). She gave the names and ages of herself, her brother, and her sisters; testified that the property in question was acquired by her father and mother by deed during their marriage, but she did not know where the deeds were; her father and mother left no will and she knew of no administration on their estates; they died within a few months of each other. She later testified on cross-examination by appellant's attorney that two of the deeds were in possession of a third party, the home deed she could not find.

Appellant, over objection that she was an interested witness under Art. 3716, which objection the court allowed as a running bill to all like testimony, testified that at the request of a brother, his wife, and one of her sisters, she quit a job paying her $125 per month (on cross-examination admitting the job was to be discontinued about the time she quit) and moved in with her parents; thereafter looking after, waiting on, and caring for them until their deaths. She further testified fully as to an oral conveyance by her parents, before and at the time she moved with them, of all the property involved; further, that she had fully carried out the promised consideration for such agreement and had performed all the services constituting the consideration for the property.

On the question of her performance of the asserted consideration for the conveyance, she was corroborated by two disinterested witnesses, one, her son-in-law, the other an 89-year-old man who resided across the street from the property involved. On the question of the making of the oral agreement, she was not corroborated, her testimony being the only evidence on such question.

The statement of facts shows, that at 3:59 P.M. on the first day of the trial and while appellant was still on the witness stand, the trial court stated: "Court: I believe I would like to ask the jury to go to their room. I would like to ask the witness a question. Let the jury go in the jury room there." And then after the jury retired personally examined the appellant eliciting, in substance, that she stayed with her parents and took care of them after they made such promise to her, because of the home, because it was to be hers if she did stay with them; that is why she stayed. After the jury returned, appellant further testified that she was in possession of the property both before the suit was filed, at the time the suit was filed, and still in possession at the time of the trial; that no one

else was in possession of it, and she had been and was then holding and claiming the property against everybody; that she stayed with and looked after her father and mother because they told her the property was hers. After such testimony the appellant rested, and appellee Lyda McCowan in her own behalf testified that there was an outstanding lien on one of the two tracts of 13 acres of farm land involved. Appellee Virgil E. Doty, a son of the deceased, testified he owns a strip of land adjacent to the Doty homestead; he bought it on July 3, 1946 from his parents, and offered in evidence a deed of trust securing a note against his property held by a third party against his deceased parents, dated December 28, 1939, which the evidence showed to be still unpaid. The note was payable $50 per month, first payment due January 1, 1941. W. C. Haggy, a deputy county clerk of Collin County, identified certified copies of deeds to the land involved in the pleadings here; the grantees in such deeds being the deceased parents of the parties to this suit. He further testified there had been no probate proceedings in the county court of Collin County on the estate of either E. S. or Amelia Doty, deceased, either general or under a will.

On the above evidence, the trial court instructed a verdict against appellant, necessarily holding that her evidence as to her agreement with her parents was not admissible under the express provisions of Art. 3716. In our opinion such testimony was not admissible and the learned trial judge was correct in so holding. Without such testimony, appellant's additional evidence of her living with and waiting on her parents, gave her no claim, or right in, or to, the title to the land involved. Services by a child to her parents are presumed to have been gratuitous.

Appellant cites Gilliland v. Kimbrough, Tex.Civ.App., 146 S.W.2d 1101, and Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980, as stating the three necessary elements to remove a case from the statute of frauds. We agree with the holdings in such cases, but are of the opinion that such cases are not in point here. Art. 3716 bars appellant from giving evidence of such three elements necessary to remove this case from the statute of frauds, and since there is no evidence as to the asserted oral conveyances other than her own inadmissible evidence thereon, there is a total failure of evidence to support findings on the elements necessary to a recovery.

Appellant also asserts that her conversations and agreements with her deceased parents were not in violation of the prohibitions contained in Art. 3716 for the reason that she was not claiming title to the property either as executor, administrator, or heir, "* * * but on a contract she made with her father and mother * *"; citing Wootters v. Hale, 83 Tex. 563, 19 S. W. 134. Such case is clearly distinguishable. The question there was whether the heir of the deceased could waive her claim as an heir, and then testify and recover as a disinterested person as against opposing parties, also not interested in any manner in the estate of the deceased, but strangers thereto. Art. 3716, material here, reads: "* * * and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." (Emphasis ours.) Appellees here are five of the six interested heirs of their deceased parents. Appellant, although she waived any right as an heir to a recovery of said property, and sued only on a contract with the deceased, is still faced with the prohibition in the statute that her testimony is against the other parties who are interested in the estate; and for that reason, still barred from giving such testimony under Art. 3716. In other words, we hold on such question that appellant cannot make herself a stranger to the estate and by such means make her evidence of transactions with the deceased admissible against other interested heirs of the deceased. Points 1 and 2 are overruled.

Appellant also asserts she had possession of the property involved at the time of the filing of this suit and there was no admissible evidence before the court to overcome that fact. Therefore the instructed verdict against her was not proper. She bases such assertion on the premise that

the only evidence as to ownership of the property in question after excluding all evidence of appellant as being in violation of Art. 3716, was the evidence of the interested witness, Lyda McCowan, whose evidence was objected to and also barred by Art. 3716, plus appellant's evidence of prior possession.

Such claim of prior possession, in our opinion, does not support appellant's claim of title, since it overlooks the testimony of W. C. Haggy, as well as all the pleadings.

W. C. Haggy identified the certified copies of the deeds showing title to the land involved to be in the deceased parents of the parties. This evidence, taken together with the pleadings showing appellant asserted title under an oral conveyance from her parents, and appellees' pleading asserting all parties to be joint owners as the only surviving heirs at law of such deceased parents. They eliminated issues as to title back of the title of their deceased parents and established the deceased parents as the common source of title claimed by each and all parties. The common source of title having been so established, no further showing as to title prior to their deceased parents was necessary. Art. 7382, R.C.S.

In addition, after the evidence of appellant's title claimed under an oral conveyance is eliminated under Art. 3716, R. C.S., and the parties are considered only as heirs at law, appellant's possession was presumed to be the possession of all owners as heirs of the same parents. Points 3 to 6, inc., are overruled.

Point 7 asserts appellant was denied a recovery for valuable improvements on the property involved. There is no pleading to support such a recovery. Therefore no error is shown by such contention. Rule 777, 778 and 806. The evidence is also insufficient to support such contention. Point 7 is overruled.

Finding no error in the trial court's judgment, it is affirmed.

Affirmed.