**J. B. WOOLEY, Appellant,**

v.

**Nora WEST, Appellee.**

No. 124.

Court of Civil Appeals of Texas.

Tyler.

April 15, 1965.

Appellant's Rehearing Denied and Appellee's
Rehearing Granted May 27, 1965.

J. B. Sallas, Crockett, for appellant.

Earle P. Adams, Adams & Granberry, Crockett, Billy H. Gragg, Palestine, for appellee.

MOORE, Justice.

Plaintiff, Nora West, filed this suit against defendant, J. B. Wooley, in trespass to try title and alternatively for a partition of a seven-acre tract of land with a house and other improvements situated thereon. Mrs. West and Mr. Wooley are brother and sister, and prior to the purchase of the property in question had been living in Houston, Texas, and had been closely associated. Upon retiring from their employment they decided to move back to Houston County, their original home, and

for a year or more before purchasing the property in controversy they had made several trips back and forth from Houston to Crockett searching for a suitable place to buy, and finally purchased the property on the 24th day of October, 1958. The deed to the property named both Mrs. West and Mr. Wooley as grantees. The initial payment on the purchase price in the amount of $1,600.00 was paid with funds drawn from their joint bank account in a Houston bank. Both of them signed the vendor's lien note for $3,800.00, representing the balance due on the purchase price. This note, together with a lien, was assigned by the vendor to Davy Crockett Federal Savings & Loan Association and was renewed and extended by a deed of trust which was signed by each of them providing for monthly payments for 120 months beginning on the 10th day of September, 1958. On the 16th day of December, 1960, after 26 of the monthly payments had been made, Mrs. West paid the loan company the balance of $2,991.11 then owing on the note, by a check drawn on the joint account of Mrs. West and her sister Mrs. Frankie Anderson.

After the purchase of the property, both Mrs. West and Mr. Wooley and their sister and father moved in the house where all of them continued to live thereon until the 31st day of July, 1961, when Mrs. West moved away claiming that Mr. Wooley forced her to leave. Wooley continued to live there until the 13th day of March, 1963, when the parties agreed to sell the property. Meanwhile, this suit had been filed by Mrs. West. When the sale was consummated the parties agreed in writing to deposit the proceeds in the amount of $6,-492.85 into the registry of the court subject to final judgment and without prejudice to the rights of either party.

Plaintiff's suit was in trespass to try title and alternatively for partition, alleging that she had paid all of the purchase price out of her separate funds, and therefore was entitled to all of the proceeds from the sale and in the alternative requested that she be reimbursed for expenditures in preserving the property and for the sum of $2,991.11 expended in discharging the lien and for other equitable relief adjusting the rights of the parties.

Defendant's answer consisted of a plea of not guilty and a general denial.

Trial was before a jury and, in substance, the jury found: (1) that all of the $1,-600.00 withdrawn from the joint account of the plaintiff and defendant, and paid on the purchase price of the land, did not belong to the plaintiff, (2) but that only the sum of $800.00 of the $1,600.00 belonged to the plaintiff; (3) that plaintiff did not pay all of the 26 monthly installments in the amount of $50.00 each with her own separate funds; (4) that some of the monthly payments were made with funds belonging to the defendant; (5) that only one-half of the monthly payments totaling $650.00 was made from funds belonging to the plaintiff; (6) that plaintiff made proper and reasonably necessary expenditures for the preservation of the property, (7) amounting to $303.00; (8) that the defendant did not prevent plaintiff from occupying the premises, (9) and she was not, therefore, entitled to any damages. The jury further found that (10) the plaintiff and defendant agreed between themselves that they would own the property deeded to them in equal proportions; (11) and that the plaintiff and defendant each contributed substantially the same amount of money with which to purchase the property; (12) and that defendant contributed more services than the plaintiff toward the purchase price of the property; and (13) that the value of the defendant's services over and above those of the plaintiff amounted to $250.00.

The defendant made a motion for judgment on the verdict contending that the jury's finding on Special Issue No. 11 amounted to a finding that he had paid one-half of all the purchase price and he was therefore entitled to one-half of the proceeds from the sale. The trial court over-

ruled appellant's motion and entered a judgment for the plaintiff as follows:

" * * * and the Court finds that from the fund of $6,492.85 deposited in the registry of the Court by Plaintiff and Defendant according to their written stipulation, Plaintiff should be reimbursed and paid the sum of $2,991.11 that she paid in liquidation of the balance due upon the purchase price note given for the property in controversy as proved by the undisputed evidence, with interest thereon at the rate of six per cent per annum from December 16, 1960, to April 1, 1963, amounting to $411.26, plus the sum of $303.00 found by the jury in answer to Special Issue No. 7; that Defendant should be reimbursed from such fund the sum of $250.00 found by the jury in answer to Special Issue No. 13; and that the balance remaining in such fund, after reimbursement to Plaintiff and Defendant, should be divided equally between Plaintiff and Defendant. * * * "

Appellant has appealed from the judgment without filing a motion for new trial. His basic complaint is that the court erred in failing to enter judgment on the verdict. He contends (1) that the verdict requires that the funds be divided equally, and that to allow appellee reimbursement for funds expended would erroneously disregard the jury's finding to Special Issue No. 10 finding that the parties agreed that they would own the property in equal proportions, and Special Issue No. 11 finding appellant contributed substantially the same amount of money on the purchase price; (2) that the judgment allowing a reimbursement in the amount of $303.00 for taxes, insurance and repairs is not in conformity with the jury's verdict in Special Issues Nos. 6 and 7; and (3) that as a matter of law appellee is not entitled to interest on the money expended in discharging the lien.

Appellee takes the position that the court correctly disregarded the jury's findings to

Special Issue No. 11 because the undisputed evidence shows that she discharged the lien in the amount of $2,991.11 with her own separate funds and the parties being mere co-tenants, plaintiff had a right to reimbursement with interest, and also had an equitable right of reimbursement for money expended in preserving the property in the amount of $303.00.

By cross-assignments appellee further contends that the court erred in submitting Special Issues Nos. 12 and 13 over her objection and rendering judgment thereon because there was no pleading or evidence showing appellant's right to recover the sum of $250.00 for services performed in connection with the purchase of the property.

■ The evidence shows that the deed under which Mrs. West held the property was made to her and her brother jointly, the interest of each not being stated. Presumptively, but rebuttably so, each acquired an equal interest. Cage v. Tucker's Heirs, 14 Tex.Civ.App. 316, 37 S.W. 180; Keltner v. Glenn, Tex.Civ.App., 81 S.W.2d 1051; Ford v. Anderson, 83 S.W.2d 443 (Tex.Civ. App.).

Contrary to her contention, the jury determined, in response to Special Issues Nos. 1 and 2, that Mrs. West had not furnished all of the money in making the down payment, but that the amount thereof had been contributed equally by them. In Special Issue No. 10 the jury found that they agreed that they would own the property in equal proportions. In Special Issues 3, 4 and 5 the jury found that the parties contributed equally in the payment of the first 26 installments on the vendor's lien note. After such payments the balance due on the note and lien amounted to $2,991.11. It is without dispute that the note was paid by a check drawn on the joint account of Mrs. West and Mrs. Anderson. Both Mrs. West and Mrs. Anderson testified that Mrs. West deposited the money in the Crockett State Bank in the joint account immediately after Mrs. West sold her home in Houston, so

that either of them could use same in taking care of their aged father.

Appellant's claim to one-half of all proceeds from the sale is based upon the following finding:

### "SPECIAL ISSUE NO. 11

"Do you find from a preponderance of the evidence that Nora West and J. B. Wooley contributed substantially the same amount of money, with which they purchased the property, from Ada Ione Teems and others on October 24, 1958?

"Answer: YES."

As framed, the issue does not make it clear as to whether the court was referring to the contribution to that part of the purchase price paid on the date of the purchase, or whether the court was inquiring as to the entire amount of the purchase price eventually paid. If it refers to the former, it would be merely repetitious of Special Issues Nos. 1 and 2 wherein the jury found that they each contributed an equal amount on the down payment. If the issue has reference to the payment of the entire amount of the purchase price, then we fail to find any evidence of probative force which would support the finding. Although there is testimony showing that Wooley made some of the monthly payments, he admitted that he owned no interest in the house in Houston sold by Mrs. West, nor did he claim any interest in the joint bank account of Mrs. West and Mrs. Anderson from which the funds were withdrawn in payment of the indebtedness. He testified as follows:

"Q. And you don't deny that Mrs. West finally paid it off with money she had?

"A. She did, she told me that she went up there and paid it.

"Q. All right. Mr. Wooley, you have stated here on the witness stand that the last payment that was made on the place she made with her separate money. For your information, I will tell you that payment was $2,991.11. Do you know that?

"A. Yes, sir. I know it."

In view of this statement, we think the trial court correctly ruled that the undisputed evidence showed that Mrs. West paid the sum of $2,991.11 from her own separate funds. If the fact was undisputed the trial court was authorized, on proper motion and notice, to disregard the jury's finding to Special Issue No. 11 and render judgment decreeing reimbursement based upon the undisputed evidence. Rinehart v. Tomerlin, 227 S.W.2d 876 (Tex.Civ.App.); Rules 279, 301, Texas Rules of Civil Procedure.

Based upon the jury's findings to Special Issues Nos. 6 and 7, the court also entered judgment for appellee reimbursing her for reasonably necessary expenditures of $303.-00 for payment of taxes, insurance and repairs in preservation of the property.

As a general proposition, a co-tenant who pays more than his share of a debt secured by a mortgage or other lien on the common property, or who makes an outlay for necessary or proper preservation thereof is entitled to reimbursement from his co-tenants to the extent to which he paid their share of the indebtedness. The right of contribution arises from equitable considerations, and rests upon the principle that where all are equally liable for the payment of a debt or common burden, all are bound equally to contribute to that purpose even though the paying co-tenant at the time of the payment, asserted exclusive title to the common property or believed himself the sole owner thereof. Roberts v. Roberts, 278 S.W. 937 (Tex.Civ.App.); Tapp v. Tapp, Tex.Civ.App., 134 S.W.2d 683; Schluter v. Sell, Tex.Civ.App., 194 S.W.2d 125; 15 T.J.2d, Sec. 12, pp. 169–170; 48 A.L.R. 2d, pp. 1305–1324. We think the trial court correctly ruled that the appellee was entitled to reimbursement for these items.

Appellant contends that even though appellee should be entitled to reimbursement of the amount paid in discharge of the lien, she should not be permitted to recover interest on all the money advanced by her, because only one-half of that advanced was for the benefit of appellant, the other half being for her own benefit, and therefore any recovery for interest should be limited to interest on only one-half of the advancement.

■ The general rule is that one who lends money to or makes advances for the benefit of another is entitled to interest on the amount so lent or advanced. 33 T.J.2d, Sec. 15, p. 86.

■ Since only one-half of the funds used in payment of the lien was advanced for the benefit of the appellant, appellee can only claim interest on funds advanced for his benefit and cannot recover interest on funds paid for her own benefit.

By counter points 6, 7 and 8, appellee complains of that portion of the judgment allowing appellant to recover the sum of $250.00 for the value of services rendered by Wooley in connection with the purchase of the property as found by the jury in Special Issues Nos. 12 and 13.

■ As pointed out before, appellant's pleadings consisted of a general denial and a plea of not guilty, without a request for any affirmative relief. Appellee properly objected to the submission of the issues on the grounds that same were not supported by either pleadings or evidence, and now contends that the court was in error in submitting same to the jury and rendering judgment thereon. We sustain this contention. As we view the matter, appellant's claim for services in connection with the purchase of the property cannot be considered as an equitable claim growing out of the joint tenancy and therefore any claim for such services would require affirmative pleadings in order to support a recovery thereon. Rule 301, T.R.C.P.

Even though the claim could be considered as a claim for equitable relief growing out of the co-tenancy, pleadings in support thereof would nevertheless be required. 44 T.J.2d, Sec. 30, p. 275, citing Hawkins v. McCowan, Tex.Civ.App., 246 S.W.2d 322. Moreover, we fail to find any evidence of sufficient probative force to support the jury's finding.

For the reasons stated herein, that portion of the judgment granting appellee interest in the sum and amount of $411.26 will be reformed so as to grant appellee a recovery for one-half thereof in the amount of $205.-63. That portion of the judgment awarding appellant judgment for the sum of $250.00 for services rendered in connection with the purchase of the property will be reversed and rendered in favor of the appellee, Nora West, and in all other respects the judgment will be affirmed.

Reversed and rendered in part; reformed in part, and as reformed affirmed.

## ON MOTION FOR REHEARING

Upon Motion for Rehearing appellee contends that we are in error in reforming the judgment of the trial court upon the question of interest. Upon re-examination of the judgment, it now appears that we were in error in concluding that the judgment allowed appellee a recovery of interest in the amount of $411.26 rather than a *reimbursement* of such amount from the common fund of the parties on deposit in the Registry of the Court. The effect of the judgment allowing appellee a reimbursement for all of the interest from the common fund is tantamount to ruling that each of them are responsible for interest in the amount of $205.63. Therefore, that portion of our judgment wherein we reformed and granted appellee a recovery for only one-half of the interest is hereby withdrawn and the judgment of the trial court allowing appellee reimbursement in the sum and amount of $411.26 from the common fund on deposit in the Registry of the Court is hereby affirmed.