## BRUCE et ux. v. PERMIAN ROYALTY CO. NO. 2.

### No. 11692.

Court of Civil Appeals of Texas. Galveston.

March 13, 1945.

Rehearing Denied April 12, 1945.

Homer L. Bruce, of Houston, for appellants.

W. P. Hamblen, of Houston, for appellee.

CODY, Justice.

Appellants are husband and wife, and were such when they acquired as community property 324 shares of the common stock of appellee company, a corporation. They desired to partition these shares so that each would become the owner in his own and her own right, as separate property, of 162 shares. They entered into a written agreement by which they undertook to divide the stock accordingly. The instrument was duly acknowledged before a notary public, as provided by law for instruments which are executed by a man and a married woman to be acknowledged. From the instrument it was made to appear that the partition was for the purpose of the greater advantages that would accrue to themselves to own the stock as separate property instead of as community property, particularly as to Mrs. Bruce. The instrument also disclosed that they are the parents of three adult children. The instrument provided that the parties were not thereby making mutual gifts to each other.

Appellants requested the appellee company to transfer the stock in accordance with the agreement, and to issue to Mr. Bruce a certificate of 162 shares of stock as his separate property, and a like certificate to Mrs. Bruce for the same number. This the company declined to do, on the ground that the agreement was void for these reasons:

1. That it violates Section 15, Art. XVI of the Texas Constitution, Vernon's Ann. St., and Vernon's Ann.Civ.St. Articles

4613 and 4614, defining separate property of husband and wife.

2. The wife did not have the legal capacity to execute the agreement.

3. If it were merely voidable as to the wife, she could later retract it and require the defendants to issue new certificates for 324 shares as community property even though the husband had transferred his certificate for the 162 shares.

4. That the agreement violated Art. 4610 of the Revised Civil Statutes, as it altered the legal order of descent of the stock as between the husband and wife and their three children.

5. It violated R.C.S. Art. 4614, Vernon's Ann.Civ.St. art. 4614, requiring the husband's joint signature with the wife to transfer stock owned by her and the husband, and the husband could not be both transferor and transferee of the 162 shares set aside to him.

6. That it violated R.C.S. Art. 4616, as the 162 shares, if the separate property of the wife, would not be subject to existing debts, if any, then owing by the husband, and would be in fraud of existing creditors.

Upon such refusal appellants brought their suit to compel the company to make the transfer of stock as requested, fully setting up the partition agreement. The company urged as special exceptions their objections made to appellants, enumerated above. The court sustained such exceptions and dismissed the suit.

It is appellants' position that the partition agreement must be sustained if it is so fair and equitable to Mrs. Bruce as to appeal to the conscience of a court of equity.

## Opinion.

■ There is no question but that the partition agreement is a fair one, and such as will appeal to the conscience of the court. Being a post-nuptial contract, this it must be to be enforceable. 25 Tex.Jur. 30, 171. But that is not the question to be determined here. The question here is, assuming the fairness which is essential in every post-nuptial agreement, did the agreement have the effect of changing the community character of the 324 shares of stock into that of separate property of the spouses? Once the conversion is made from community property to separate property, there could be no legal difficulty in dividing separate property, however intermingled. That is to say, once Mr. and Mrs. Bruce are shown to have become tenants in common of the 324 shares of stock, there would be no legal difficulty in their effecting a partition of the stock so that each would own exclusively 162 shares.

■■ In our opinion the agreement effected neither a partition of the community estate in the 324 shares, nor any transfer of any interest therein from the community estate to the separate estates of the parties. First, it is to be borne in mind that a partition agreement is not one of the methods known to law of transferring title, it merely effects a severance of undivided interests, leaving the title of the partitioners wholly unaffected. Second, in order to convert the community interest or estate in the 324 shares into the separate estates of the spouses, of 162 shares each, it must be shown that there has been a transfer of the title from the community estate to the separate estates, or the legal equivalent. The only method of voluntarily transferring title is by gift, sale, or exchange. "But the intentions of parties cannot change the character of an estate which is fixed by law, and which they by their acts create." McLean v. State, Tex. Civ.App., 181 S.W.2d 725, 726, writ refused.

■ The general rule, just quoted, was applied by the Supreme Court with reference to community and separate property in Kellett v. Trice, 95 Tex. 160, 169, 66 S.W. 51, 53:

"Separate property of either spouse may be conveyed to the other in such way as to become his or her separate property, and community property may be so conveyed by the husband to the wife as to make it hers separately. This is true, not because the parties chose to name the property separate, but because the facts transpire to bring it within the statutory definition; and the law, operating upon such facts, vests the title in accordance with them. The act of the parties is such as the law defines as necessary to create the separate right. Therefore, the question whether particular property is separate or community must depend upon the existence or nonexistence of the facts, which, by the rules of law, give character to it, and not merely upon the stipulations of the parties that it shall belong to one class or the other."

Based in part upon the case just quoted from is the holding in McDonald v. Stevenson, Tex.Civ.App., 245 S.W. 777, 779, writ denied, to this effect:

"We therefore hold that the husband and wife cannot, by mere agreement, partition and transfer their community property one to the other, as in this case, and thereby change the class of the estate which the law fixes in each." Citing authorities.

■ As shown by Texas Writs of Error Table, the Supreme Court denied a writ in the case. Though this was prior to 1927, when the Legislature by statute fixed the precedential value of an opinion to which the Supreme Court refused a writ, nevertheless, by denying a writ, the Supreme Court necessarily approved the quoted holding. For the quoted holding is the cardinal point of the case, the very point on which the judgment in the case turned. Such holding is authority fatal to appellants' contention, and we might well conclude the opinion at this point, resting the decision solely on that authority.

The parties could have, by mutual gifts, effected a transfer of title from the community to their separate estates. But this is the day of gift taxes, and the parties exclude any idea of gifts. They could have effected a transfer by each spouse paying from their separate estate separate funds to the community estate. Of course such funds would have become community. To convert community into separate property, if such conversion is to be brought about by the voluntary acts of the parties, a valid transfer of the community, by some method known to law, must take place. Here the parties have only entered into a partition agreement, and called it a transfer. Had the agreement been competent to effect a partition, no transfer would have been required, as we have seen. And since the parties have employed no method of transfer known to law, no transfer from the community to the separate estates has been effected, Hence, what the parties have really tried to do is to change the community estate in the 324 shares into separate property by a mere act of volition. As seen, this could not be done.

Of course the community is a mere incident of the marital status, and anything that dissolves the marital status dissolves the community estate. This may be done by death, or divorce. Death or divorce effects a de jure dissolution; and upon granting a decree of divorce the court is by statute directed to divide the property of the parties. It sometimes happens that a man and his wife mutually find life together insupportable, yet they may be unable or unwilling to obtain a divorce. Under these circumstances, if a man and his wife have separated permanently, there has been a de facto dissolution of the marital status. The court in the exercise of its equitable powers will sustain a separation partition of the property of the parties if it be fair and equitable. Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324; 23 Tex. Jur. 169. An English court of equity would sustain such separation agreements, and we have, by adopting the common law of England as the rule of decision, adopted the doctrine that separation settlements thus made will be sustained. It is not necessary for us to determine, therefore, whether, by reason of a de facto dissolution of the marital status, the parties have become de facto tenants in common when they make a separation settlement. For present purposes, it is enough to hold that the doctrine which sustains such a settlement has no application to a case where the parties have no intention of separation, as here.

While it is not necessary to determine whether, in cases where the court will sustain a separation settlement, the parties have become de facto tenants in common, it is not without interest to recall that a putative wife's interest in the community is sustained because, under the doctrine of putative marriage, she occupies the status of de facto wife. See Cameron v. Cameron, Tex.Civ.App., 103 S.W.2d 469, writ refused.

No act has been done by appellants, and no fact has transpired, to bring the 324 shares of stock within the statutory definition of the separate property of the parties. See Arts. 4613 and 4614, defining the separate property of the spouses as being all property owned or claimed by him or her before marriage, and that acquired afterwards by gift, devise or descent. So, the court below correctly sustained appellee's special exception, to the effect that the agreement violates the laws defining separate property of spouses. And the judgment of dismissal is affirmed.

The agreed motion of the parties requesting the case be certified to the Supreme Court is denied.

Judgment affirmed.