COBORN v. COLLINS et al.

No. 12270.

Court of Civil Appeals of Texas. Galveston.

Nov. 1, 1951.

Rehearing Denied Jan. 3, 1952.

Stewart, Burgess & Morris and George W. Eddy, Houston, for appellant.

Kenneth Krahl, Julia Mae Anderson, Houston, for appellees.

GRAVES, Justice.

This suit was filed May 7, 1948, by J. T. Lindley, prior thereto the husband of Mae Owen Lindley Collins, deceased, against her surviving husband, Thomas F. Collins, and her heirs-at-law, to partition the property known as 2626 Keeland Street in the City of Houston, alleging it to have been their community estate.

Appellant, a nephew of Mrs. Collins, had acquired such interest so-claimed by J. T. Lindley some time after the suit had been commenced, and when it was tried he was the sole plaintiff in the Court below, and comes to this Court as the sole appellant.

The trial was had before a jury on Special Issues, and upon its verdict the trial court entered a judgment, declaring the interest of the various parties to the suit in the property, as a result of which the appellant was denied any recovery upon his claim that the lot had been the community property of the two Lindleys, finding, instead, that it had been the separate property of Mrs. Lindley Collins, but awarding the appellant a 1/84th undivided interest therein as one of the heirs-at-law of the deceased Mrs. Collins.

In other words, as indicated, Mr. Lindley had so filed the suit, to which the appellant so alone succeeded, as one in trespass-to-try-title to and partition of the property, on the ground that it had been the community estate of himself and the deceased Mrs. Collins at that time, whereas, the Court and the jury, upon the indicated trial, had found that at no time had it been such.

Indeed, the evidence supported, and the Court and jury found, these facts to have

been undisputed: That at the time the property was acquired by the deceased Mrs. Collins, she and Mr. Lindley were then permanently separated, and the deed to her conveyed the property to her as her separate estate, reciting that it had been paid for by the deceased out of her separate funds. Then the trial court refused to submit a requested Special Issue upon that inquiry, because the appellant's attorney had in court agreed that the evidence upon it was undisputed; whereupon, as recited, the jury stated its finding to the same effect.

It would seem, therefore, that one, if not the sole, controlling issue-of-fact in the cause was whether or not the property had so belonged to Mrs. Collins at the time this suit was thus filed by her former husband, Mr. Lindley.

Not only so, but after he had so filed this suit and shortly before its trial, Mr. Lindley had himself testified that he had assigned his alleged interest in the property to the appellant herein, Mr. Arthur C. Coborn, for $1, which amount he had received in cash; he added that he had not since then had any interest in the law-suit.

It was otherwise testified to that, following their separation, as above indicated, Mr. and Mrs Lindley had had a verbal settlement of all their community interests, and he testified also at the hearing upon the divorce suit between them that there was no community property belonging to them; moreover, it was undisputedly shown that each thereafter remarried, Mr. Lindley taking another wife, whereas Mrs. Lindley married Mr. Collins, the appellee herein.

Such a verbal settlement of their joint affairs, after a permanent separation, was valid, and, ipso facto, dissolved the community; Bruce v. Permian Royalty Co., Tex.Civ.App., 186 S.W.2d 686, N.R.E., Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324, 23 Tex.Jur. 169; Corrigan v. Goss, Tex.Civ. App., 160 S.W. 652, writ refused.

Following these developments, the jury also found, on overwhelming, if not indeed undisputed evidence, that Mr. Collins had taken up the matter of paying the balance due upon the property here involved out of his own separate means, and also in conjunction with Mrs. Collins, following their marriage, had improved the small place she had so bought prior thereto, by building a six-room home thereon, with a sun-porch and a rent house attached.

All of the factual predicates for these proceedings, so far as affected the ownership and use of the property itself, were submitted to the jury, and were found to have been the facts; i. e., to recapitulate, that, after such permanent separation between the Lindleys, the initial payment on the property at 2626 Keeland Street had been paid by Mrs. Lindley out of her separate estate; that thereafter her new husband, the appellee, Thomas F. Collins, out of his earnings, paid the second one-half thereof; that following that he paid out of his earnings for all subsequent improvements put thereon; that he and his deceased wife lived on the same, at least from the time of their marriage until the time of her subsequent death, and that he still lived thereon, claiming it as his home, and that the original plaintiff, Mr. Lindley, during the course of such payments and occupancy of the place by Mr. and Mrs. Collins, led Mr. Collins to believe that he was not claiming any community interest in the property.

None of the indicated findings of the jury were subject to the criticisms leveled against them, in the opinion of this Court; it finds that each and all were supported by the evidence, and it holds that the trial court was justified in entering its judgment upon the verdict. Neither can this Court uphold the appellant's veiled contention throughout his brief, and oral argument before this Court, to the effect that the appellee Collins was shown to have been a mere interloper, without legitimate relationship by marriage, or otherwise, with the deceased Mrs. Collins, to entitle him to the status given him by the trial court of a co-owner of the property involved. What has been already said furnishes sufficient answer to that contention, however properly and earnestly it has been presented here. Hence, such a contention is overruled, as having been negated entirely by the evidence showing the outstanding fact of the whole controversy to be that the property, from the beginning of the deed to it to Mrs. Collins, was her separate

property, paid for by her own means, and that her second husband took up the cudgel from there on, and that they two erected and legitimately occupied a home upon it, improved as it was, until the time of her death.

 Finally, since the only right or interest asserted by the appellant in the property was against it as the community property of the deceased Mrs. Collins and her first husband, Mr. Lindley, and since he wholly failed to establish his burden of proof upon that single issue, his case was at an end.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.