**HOLLYFIELD et ux.**

v.

**ROVENGER et al.**

No. 3126.

Court of Civil Appeals of Texas.

Waco.

Nov. 5, 1953.

Rehearing Denied Nov. 19, 1953.

Bowers & Bowers, Beaumont, for appellants.

James F. Parker, Beaumont, for appellees.

McDONALD, Chief Justice.

This suit was brought by appellants against appellees for partition of the mineral estate in a tract of 30 acres of land in Hardin County. Appellants, Hollyfield and wife, alleged that they owned an undivided ½ of said mineral estate subject to their lease to appellant Mason; and that the appellees owned the other ½ thereof, to-wit, appellee Parker, ⁹⁄₂₀, appellee Rov-

enger %0, and the appellees, Ingalls heirs, ⅛.

The Trial Court, without the aid of a jury, determined that appellants own ⅜ instead of ½; and that appellee Rovenger owns ³⁵⁄₁₀₀ instead of %0; and the other appellees as alleged in appellants' petition. Stated another way, the Trial Court found that appellants own ⅛ less than they alleged and that appellee Rovenger owns ⅛ more than they alleged.

Upon application of appellants the Trial Court filed Findings of Fact and Conclusions of Law, pertinent portions of which are summarized as follows:

1) Appellants Hollyfield and wife owned fee-simple title to a 50 acre tract containing the interest in controversy in 1917.

2) Appellants in 1920 conveyed the fee-simple title to 10 acres off the east side to parties not involved in this suit.

3) Appellants in 1933 conveyed to appellee Rovenger an undivided ½ interest in all minerals under the east 40 acres of said 50 acre tract, which 40 acre tract included the 10 acres off the east side theretofore conveyed by appellants in 1920 to Eudora Knighten.

4) In 1937 appellee Rovenger conveyed to Ingalls an undivided ⅛ interest in the minerals under the 40 acres described in 3, supra.

5) The Final Judgment in Cause 8378, styled Eugene Hollyfield and wife, Dora Hollyfield v. Alfred Rovenger, in the District Court of Hardin County, Texas, on 3 September 1945 decreed to Alfred Rovenger the title and possession of *an undivided ½ interest in all minerals in and under the same land described in 3, supra.*

6) Appellee Rovenger, on 6 September 1945, conveyed an undivided %0 interest to the minerals on land described in 3, supra, to appellee Parker.

7) Appellant Mason is holder of an oil and gas lease on the premises in controversy executed by appellants Hollyfield and wife.

## Conclusions of Law

1) Appellants own an undivided ⅜ interest in the minerals interest in controversy subject to the mineral lease owned by appellant Mason.

2) Appellee Parker owns an undivided %0 interest in the minerals interest in controversy.

3) Appellees, the Ingalls heirs, own an undivided ⅛ interest in the mineral estate in controversy.

4) Appellee Rovenger owns an undivided ³⁵⁄₁₀₀ interest in the mineral estate in controversy.

Appellants made Motion for New Trial, which was by the Trial Court overruled, and now appeal to this court on the sole Point that the Trial Court erred in determining the appellants' share in the mineral estate for partition to be an undivided ⅜ instead of ½ and the share of appellee Rovenger to be an undivided ³⁵⁄₁₀₀ interest instead of an undivided %0 interest.

■ Appellants' Motion for New Trial set up the fact that the interest covered by the judgment in the prior Cause No. 8378 was the identical interest conveyed by the Hollyfields to Rovenger in 1933. An examination of the judgment in the Cause No. 8378 reveals that said cause was in the same court as is this case; between substantially the same parties (and between the only parties between whom there is actual controversy in this case); and that the description of the ½ undivided interest recovered by Rovenger is exactly the same ½ undivided interest as was conveyed to him by the Hollyfields in 1933. If it was not the same undivided ½ interest, then it of necessity had to be the remaining undivided ½ interest, which the appellees do not contend for, and which the Trial Court did not believe, in view of the judgment rendered in the case finding the Hollyfields to be entitled to an undivided ⅜ interest. Under the facts and circumstances in the case at bar we think that the Trial Court was under a duty to take judicial knowledge

of the prior controversy Cause No. 8378, of the parties involved in that controversy, and what was involved in that controversy. See Sawyer v. First Nat. Bank of Hico, 41 Tex.Civ.App. 486, 93 S.W. 151; Cochran County v. Boyd, Tex.Civ.App., 26 S.W. 2d 364; Hake v. Dilworth, Tex.Civ.App., 54 S.W.2d 583. However, even that was not actually necessary for a proper disposition of this case, and in order for the Trial Judge to have arrived at the knowledge that the matter in controversy in the prior Cause, No. 8378, was an *undivided ½ interest in the minerals under certain real estate*; and that same was the ½ undivided mineral interest which was conveyed by the Hollyfields to Rovenger in 1937. A comparison of the description in the mineral deed from the Hollyfields to Rovenger in 1937, which is in evidence, with the description of the interest recovered in the judgment in Cause No. 8378, which is likewise in evidence, would have revealed this fact. As noted, the only point left for conjecture by the comparison would have been whether it was the *other* ½ interest covered by the two instruments; and this conjecture was apparently resolved by the Trial Court not to be the case since in its judgment the Hollyfields were awarded ⅜, whereas had the above conjecture been found by the Trial Court to be the case, they could have been awarded nothing.

■ It seems to us that the inescapable conclusion to be reached from the evidence in this case and from the Trial Court's Findings of Fact, which summarized that evidence, is that the true interest of the parties should be as follows: Appellants Hollyfields—undivided ½ subject to lease in favor of appellant Mason; appellee Rovenger—undivided %o; appellee Parker —undivided %o; appellees Ingalls heirs— undivided ⅛.

It seems to us that the Trial Court not only wholly disregarded the record in his own court in Cause 8378, but that it disregarded, or failed to make a comparison of the description of the ½ undivided interest in the minerals conveyed by the 1933 deed from the Hollyfields to Rovenger, and the description of the ½ undivided interest in the minerals recovered by Rovenger from the Hollyfields by the judgment in Cause 8378, both of which instruments are in evidence.

■ This cause being for the partition of real estate, it is governed by Rule 760, Texas Rules of Civil Procedure, which provides that the court shall determine the share of interest of each of the joint owners in the real estate sought to be divided, *and all questions of law or equity affecting the title to such land which may arise.* In so doing our courts will not proceed without the aid of equity. Our Supreme Court, in Grassmeyer v. Beeson, 18 Tex. 753, held that in partition cases resort will be made to equity to insure a fair and just partition, and this court has held in two well-considered opinions that in partitioning land *all equities should be considered and adjusted.* Burton v. Williams, Tex.Civ.App., 195 S.W.2d 245, W/E Ref. N.R.E.; O'Connor v. Delk, Tex.Civ.App., 249 S.W.2d 248.

Applying the rules of law announced to the record in this case, the judgment of the Trial Court is *reversed* and set aside and the cause is *remanded* to the Trial Court with the interests of the parties determined in keeping with this opinion; and for further proceedings for the partition of said mineral estate as provided by law.