**Albert H. CALLICOATTE, Appellant,**

v.

**Jewell V. CALLICOATTE et al., Appellees.**

No. 4629.

Court of Civil Appeals of Texas.

Waco.

July 13, 1967.

Rehearing Denied Aug. 3, 1967.

Julia Mae Barnhart, Houston, Joe D. Jarrard, Jr., Pasadena, for appellant.

Bill Hilford, Houston, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take-nothing judgment in a partition suit.

Plaintiff Albert Callicoatte filed suit against defendants Jewell Callicoatte and Laney Beard, Jr., for partition of 3 tracts of land in Harris County, alleging he and Jewell Callicoatte were husband and wife until 1966; that the 3 tracts were community property of himself and Jewell; that tracts A and B were in possession of Jewell, and tract C had been conveyed by Jewell to defendant Beard.

Defendants answered by general denial.

Trial was before the court without a jury which, after hearing, entered judgment that plaintiff take nothing, and vested title to tracts A and B in defendant Jewell Callicoatte, and vested title to tract C in defendant Beard.

The trial court filed Findings of Fact and Conclusions of Law, pertinent of which are summarized as follows:

## FINDINGS OF FACT

1) & 2) Plaintiff and defendant Jewell Callicoatte married in 1929; and were still married to each other on May 23, 1955.

3) On May 23, 1955 plaintiff abandoned Jewell.

4) On May 23, 1955 the community estate consisted of a 9 month old Chevrolet which was paid for; mechanic's tools; 2 lots with improvements (tracts A and B) which were heavily encumbered; $1200. cash; and some community debts.

5) On May 23, 1955 plaintiff and Jewell entered into an oral partition and division of their community estate.

6) By the terms of this oral partition plaintiff received the Chevrolet and the mechanic's tools, and did not assume any debts of the community estate; Jewell received subject to the debts, tracts A and B; $1200. cash; and she assumed the community debts.

7) Jewell paid off the debt on tracts A and B, as well as all other community debts.

8) A separation immediately followed the oral partition which was permanent.

9), 10), 11) Following the separation plaintiff obtained a divorce from Jewell in Nevada in 1955; and married a woman in California, and lived with her and supported her; and thereafter obtained a divorce from her.

12) After such divorce plaintiff married another woman in California, and lived with her and supported her.

13) Plaintiff, on January 11, 1966, obtained a second divorce from Jewell in Harris County, Texas.

14), 15), 16), 17) From May 23, 1955 to the present, plaintiff paid no money to Jewell as support; and made no claim on Jewell's earnings or estate.

18) At the time of the oral partition, such partition was fair to each.

19), 20), 21) Tract A has a present market value of $7,000.; tract B, $6,-500.; tract C, $6,300.

22) On behalf of Jewell, her daughter, Merle Beard, subsequent to May 23, 1955, paid the debts against tracts A and B in amount of $4,504.75.

23), 24) Jewell paid taxes, repairs, and maintenance on tracts A and B, between May 23, 1955 and January 11, 1966 in amount of $18,945. and received rentals from such properties of $12,470.

25) After May 23, 1955 Jewell improved tract B by building a small house thereon for $1500. to $2250.

26), 27), 28), 32) Tract C was purchased by Jewell in 1963 for $5,000.

29) In February, 1965 Jewell deeded tract C to defendant Beard, (her son-in-law).

30) Jewell received $1080. rents from tract C; but paid taxes, repairs and maintenance on such property.

33) Jewell owes defendant Beard and his wife $10,000. for support and assistance from May 23, 1955 to the present.

34) When plaintiff abandoned Jewell on May 23, 1955, she was ill and had no means of support.

35) Plaintiff failed to do equity, failed to account for his income from May 23, 1955 to the present, and did not come into court with clean hands.

## CONCLUSIONS OF LAW

1) Plaintiff abandoned Jewell on May 23, 1955.

2) The oral partition between plaintiff and Jewell on that date was effective, legal and binding.

3) Considering the value of the property taken by each party at that time, together with the encumbrances assumed and discharged, the oral partition was fair and equitable.

4) The oral partition was immediately followed by a permanent separation and abandonment, and a Nevada divorce by plaintiff, effectively, and permanently divided the community property as of May 23, 1955; and plaintiff has no interest in the property set aside by such partition to Jewell, or to such property which may have been accumulated by her subsequent to such partition.

5), 6) The partition of the community estate at the separation concluded the accumulation of community property by plaintiff and Jewell.

7) Regardless of whether plaintiff had any right to partition the properties, Jewell expended moneys for taxes, mortgages, repairs and maintenance, subsequent to May 23, 1955 for in excess of the value of such properties, and is entitled to reimbursement of such sums.

8) Plaintiff wholly failed to do equity and came into court with unclean hands and is denied equitable relief.

Plaintiff appeals on 33 points, contending:

1) The trial court erred in vesting title to tracts A and B in defendant Jewell Callicoatte, and in vesting title to tract C in defendant Beard, because such was community property of plaintiff and defendant Jewell Callicoatte, having been acquired during their marriage, and plaintiff was entitled to ½ interest therein.

2) The trial court erred in finding that on May 23, 1955 plaintiff and defendant Jewell Callicoatte entered into an oral partition of their community estate (tracts A and B); and that such oral partition is void. (Plaintiff contends there was no pleading to support such finding; that it is against the weight and preponderance of the evidence; that it violates Articles 1288 and 3995(4) Vernon's Ann.Tex.Civ. St.; that it is against public policy; that it is too unfair and inequitable to be enforceable; that it is too indefinite to meet the requirements of a valid contract).

3) The trial court erred in holding plaintiff has no interest in tract C, because the partition of the community estate at the separation concluded the accumulation of community property by the parties

(which was prior to Jewell Callicoatte's acquisition of tract C).

Plaintiff and Jewell Callicoate, who had married in 1929, separated on May 23, 1955. Plaintiff went to Nevada and secured a divorce and remarried; in a few years he secured another divorce and remarried again. Plaintiff's Nevada divorce from Jewell was held void (Callicoatte v. Callicoatte, Tex.Civ.App. (nre) 324 S.W.2d 81) and plaintiff secured a divorce from Jewell in Harris County on January 11, 1966. At the time plaintiff left Jewell they owned as community property a new car, mechanic's tools, tracts A and B (encumbered by some $4500); $1200. cash; and owed other community debts. After plaintiff left, Jewell, with the help of her daughter, paid the community debts including the mortgages on tracts A and B, collected the rents off the properties, and paid taxes and maintenance costs on the properties. Plaintiff, during the time from 1955 to 1966, worked, married, lived with and supported two different wives, and while making no account of his earnings or property, seeks a community ½ interest in tracts A and B, as well as tract C, which Jewell acquired in 1963.

Defendant Jewell Callicoatte testified that on the night of May 23, 1955 at about 11:00 o'clock, plaintiff got up out of bed and said he was leaving. She further testified she asked him what he was going to do about the mortgage ($4500. on tracts A and B), and that he said all he wanted was the new car, which was paid for, and his clothes and his tools, and that Jewell could take care of the mortgage if she wanted to; that plaintiff didn't care anything about those. The record reflects tracts A and B were worth $7,000. and $6500. as of 1966; that Jewell, by hard work and good management, and with the help of her daughter, paid off the mortgage and community debts and the taxes and maintenance costs of the property, and that the property is now clear of debt. The record further reflects that in 1963 Jewell purchased tract C, which she later conveyed to her son-in-law, defendant Beard.

■ A husband and wife, upon permanent separation, can, by parol, partition their community property between themselves, and such contract is valid and enforceable. Cantrell v. Woods, Tex.Civ. App. (nwh) 150 S.W.2d 838; Rains v. Wheeler, 76 Tex. 390, 13 S.W. 324, pt. 4; Coborn v. Collins, CCA (nwh) 244 S.W. 2d 526.

■ We think the evidence ample to sustain the trial court's finding that plaintiff and defendant, on May 23, 1955, entered into an oral partition of their community estate (tracts A and B). Plaintiff complains that defendants have no pleading to support the trial court's finding and judgment. Defendants filed a general denial which was sufficient. Rule 760 Texas Rules of Civil Procedure provides that in a partition case the court shall determine the interest of each litigant in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise. And in partition cases resort will be made to equity to insure a fair and just partition— and all equities should be considered and adjusted. Grassmeyer v. Beeson, 13 Tex. 524; Burton v. Williams, Tex.Civ.App. (nre) 195 S.W.2d 245; O'Connor v. Delk, Tex.Civ.App. (nwh) 249 S.W.2d 248; Hollyfield v. Rovenger, Tex.Civ.App. (nre) 262 S.W.2d 114.

■ If tract 3 was community property of plaintiff and Jewell, Jewell, having been abandoned by plaintiff, had a right to convey the property. Keys v. Tarrant Co. B. & L., Tex.Civ.App., 286 S.W. 593; Breitling v. Chester, 88 Tex. 586, 32 S.W. 527; 30 Tex.Jur.2d 194 (note 15); Cheek v. Bellows, 17 Tex. 613.

All of plaintiff's points and contentions have been considered and are overruled. The judgment of the trial court is correct.

Affirmed.