**Reverse and Render in part; Affirm in part and Opinion Filed March 11, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00759-CV**

**FAZEL RAHMANI & FORT WORTH LEGACY INVESTMENTS, L.P.,**
**Appellants**
**V.**
**AMY SADEGHIAN, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-06526**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Molberg

Fazel Rahmani and Fort Worth Legacy Investments, L.P. (FWLI), appeal the trial court's judgment awarding damages to Amy Sadeghian in their suit for partition. In two issues, Rahmani and FWLI argue the trial court erred in granting Sadeghian relief for which she had not pleaded and in failing to reopen the evidence following trial. Because we agree, we reverse and render judgment for Rahmani and FWLI on Sadeghian's unpleaded claims for reimbursement of property taxes and maintenance and repair expenses. We affirm the remainder of the judgment.

## Background

On May 7, 2020, Rahmani and FWLI sued Sadeghian seeking to partition the property they jointly owned.  Rahmani and FWLI alleged they were entitled to partition under Chapter 23 of the Texas Property Code, stating the property should be sold and the proceeds apportioned according to the parties' equal, one-third interests to effect equitable partition because the layout of the property prevented equitable division in kind.  Sadeghian answered with a general denial.  She also requested Rahmani and FWLI provide the information required by rules of civil procedure 194.1 and 194.2.

Nearly two years later,[1] on March 31, 2022, Sadeghian filed a motion for leave to file counterclaims and contemporaneously filed counterclaims in which she alleged she was entitled to a reimbursement of $37,935.41 from the plaintiffs for maintenance and repair of the property, taxes, and survey costs.  Sadeghian also filed a motion to exclude in which she requested the court to exclude from trial Rahmani and FWLI's "information or material, or offer any testimony of a witness (other than a named party) that was not timely disclosed under Rules 194.1 and 194.2 of the Texas Rules of Civil Procedure" because, she alleged, Rahmani and FWLI failed to

---

[1] The docket sheet in the clerk's record before us indicates the case was dismissed for want of prosecution on July 9, 2020, and not reinstated until September 3, 2020.  The case was originally set for trial on May 18, 2021, but according to Sadeghian's response to the motion for new trial, the court continued the trial to February 1, 2022, to allow the parties to discuss alternative dispute resolution.  The parties agreed to continue the case once more to finalize an agreement to partition the property.

respond to her request for disclosure filed and served on Rahmani and FWLI on July 24, 2020. Sadeghian argued exclusion under rule 193.6 was automatic.

The trial court held a bench trial on April 5, 2022. Before hearing evidence, the court denied Sadeghian's motion for leave to amend her pleadings, noting it was filed outside the scheduling order, "as well as outside the Texas rules." The court stated the parties had agreed regarding partitioning the property and sharing survey fees but said "whether or not the parties should share cost[s] on the back paid taxes" was the sole remaining issue. Although the reporter's record does not include any exchange where Rahmani objected to the trial on reimbursement, Sadeghian acknowledged in a response to Rahmani's motion for new trial that Rahmani "argued in opposition, claiming [Sadeghian] was required to plead for affirmative relief, and since she did not, she could not put on evidence of said claims." The trial court also granted Sadeghian's motion to exclude.

Despite identifying Sadeghian's affirmative but unpleaded reimbursement claim as the sole remaining issue, the trial court asked Rahmani and FWLI to proceed. Rahmani testified he made annual tax payments throughout the course of his ownership of the property by mailing his one-third share directly to the appraisal district. Without objection, a payment-information readout from the tax assessor's website was admitted. Rahmani said it did not accurately reflect all of the payments he had made over the years, which he made through his companies One Tel Communication and Holiday Lodge, Inc. He said since the time he has owned the

property jointly with Sadeghian, he had not communicated much with her, and she had never told him he owed her taxes. Rahmani said the tax bills had all been sent to Sadeghian's address, and he did not recall ever receiving a refund from the county for overpayment. On cross-examination, he reiterated that the tax assessor's website did not accurately reflect each payment he had made, and he said on one occasion he sent his one-third share of the taxes to Sadeghian because she had made the full payment. The trial court questioned Rahmani about where the remainder of the checks were, instructing him he had the burden of proof as the plaintiff, and he said he could produce them if given time. Kourosh Hemyari testified he was the general partner of FWLI and that he paid taxes for FWLI each year by sending one-third of taxes listed on the tax assessor's website to the tax office. He testified that the tax office's website did not accurately reflect his payments because Sadeghian's name was on the top of the deed so refunds went to her office. He testified he did not receive two such refunds, despite the fact the records showed they had been made to FWLI.

Sadeghian testified she purchased the property in April 2007. The trial court admitted Sadeghian's exhibit summarizing the parties' tax payments; Sadeghian stated the summary was based upon information received from the tax office. Sadeghian testified the tax payments made for the property over the pertinent time period added up to $51,110.87, which amounted to $17,036.96 for each co-tenant. She said neither Rahmani nor FWLI had paid that amount. She said she paid

$48,124.30 in total, and she said she received some refunds from the office and her co-tenants received some refunds. Sadeghian said Rahmani had paid $3,650.03 in taxes and FWLI had been refunded $663.46 more than it had paid; thus, she said, Rahmani owed her $13,386.93 in taxes and FWLI owed $17,700.42. The trial court also admitted Sadeghian's exhibit of duplicate tax receipts from 2007 through 2021. Additionally, Sadeghian said she paid for a cleanup at the property following a code violation, which totaled $2,700, or $900 per co-tenant, and for the survey to partition the property totaling $7,572.09, or $2,524.03 per co-tenant. On cross-examination, Sadeghian agreed she had not presented any canceled checks and that her testimony was based upon the tax receipts acquired from the tax office. The parties sparred over the meaning of the tax receipts and why Sadeghian seemed to make multiple payments per year. At the conclusion of evidence, the trial court took the matter under advisement and asked the parties to submit proposed judgments, telling counsel for Rahmani and FWLI that she knew "you guys don't feel like you have to reimburse, but I think you know that's probably not going to be the most equitable thing. Give me a good faith order based on what is obvious here to some degree."

On April 13, 2022, Rahmani and FWLI filed a motion to reopen the case in chief and a post-trial brief. They argued that before trial, they had "urged that because Defendant had no pleadings on file seeking any monetary relief, that issue was not before the Court," but the trial court ruled it would hear evidence on that issue regardless. They further stated:

–5–

Plaintiffs were not prepared to try this issue since there were no pleadings on file warranting evidence on these matters. While Plaintiffs did not and do not consent to try the issue by consent, they recognize that the Court may determine that such issues are appropriately before it. Therefore, Plaintiffs seek leave to proffer additional evidence on the issue of tax payments.

On that issue, they contended the "take-away from the testimony [at trial] was that the Tax Office records were not entirely reliable" because they indicated overpayments had been made, with most of the overpayments being reimbursed to Sadeghian and some to Rahmani and FWLI, who had testified they remitted their share of taxes yearly. They argued Sadeghian's tax receipts failed to accurately reflect "who paid the taxes" and sought to offer "copies of checks and bank statements" showing their payment of their share of taxes. Included with their motion to reopen were checks and records showing sixteen payments from Rahmani and FWLI to the tax office.

On April 21, 2022, the trial court rendered final judgment and partitioned the property according to the parties' agreement. The court also awarded damages to Sadeghian, ordering Rahmani to pay $13,386.93 for property taxes, $900.00 for maintenance and repair, and $2,524.03 for survey costs, and FWLI to pay $17,700.42 for property taxes, $900.00 for maintenance and repair, and $2,524.03 for survey costs.

Rahmani and FWLI filed a motion for new trial on May 20, 2022, again arguing no pleadings supported monetary relief and reiterating their contentions

made in the motion to reopen evidence. In response, Sadeghian acknowledged Rahmani and FWLI argued before trial that she "was required to plead for affirmative relief, and since she did not, she could not put on evidence" of claims for reimbursement for property taxes and maintenance and repair. Sadeghian argued "the nature of the suit itself" allowed "the Court to adjust the equities in this suit for partition and cause Plaintiffs to pay their pro rata share of expenses for maintenance and repair and property taxes." Further, Sadeghian argued Rahmani and FWLI were prohibited from submitting additional evidence because the trial court had granted her motion to exclude. This appeal followed.

## Discussion

Rahmani and FWLI first argue the trial court erred in awarding Sadeghian damages for property taxes and maintenance and repair expenses because she failed to plead for such relief.[2] "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity." TEX. R. CIV. P. 301. A trial court has no authority to grant relief not requested by the parties. *In re S.M.G.*, No. 05-22-00937-CV, 2023 WL 3963992, at *2 (Tex. App.—Dallas June 13, 2023, no pet.) (mem. op.). "This is so because pleadings must provide fair

---

[2] Although the trial court awarded damages for survey costs in addition to maintenance, repair, and taxes, Rahmani and FWLI state in their brief they do not challenge that portion of the judgment because they agreed to share survey costs.

–7–

notice of the claims asserted and allow the opposing party to ascertain the nature and basic issues of the controversy." *Id.*

Here, Rahmani and FWLI's petition stated the suit sought no money damages but only partition of real property under Chapter 23 of the property code, and Sadeghian's answer generally denied the petition's allegations and requested disclosures under rule 194.1. No other pleadings were before the trial court. Despite this failure to plead for reimbursement, Sadeghian argues the equitable nature of a partition suit allowed for trial on reimbursement questions, even if unpleaded. We cannot agree. Sadeghian cites *Callicoatte v. Callicoatte*, 417 S.W.2d 618, 621 (Tex. App.—Waco 1967, writ ref'd n.r.e.), for the proposition that a general denial in a partition suit is sufficient to support a judgment of monetary relief for the defendant. However, the question on appeal in that partition suit was whether the parties had orally partitioned their community property, whether the oral partition was void, and whether any pleading supported the trial court's finding that the parties had orally partitioned the property. *See Callicoatte*, 417 S.W.2d at 620. The court concluded the pleadings supported the finding of oral partition because trial courts in partition suits may determine "all questions of law or equity affecting the title to such land which may arise." *Id.* at 621. Thus, *Callicoatte* did not decide any questions relating to reimbursement.

Similarly, the other authorities cited by Sadeghian stand for the general propositions that a trial court shall determine in a partition suit "all questions of law

or equity affecting the title to the land to be partitioned," *see* TEX. R. CIV. P. 760, or that upon dissolution of a co-tenancy, one co-tenant may have an account from another "for rents and profits received, waste committed, moneys fraudulently obtained, betterments made, and taxes, etc., paid, either as an incident of a partition suit or otherwise," *see Sayers v. Pyland*, 161 S.W.2d 769, 771 (Tex. 1942). None of these authorities speak to pleading requirements, and those that do cut against Sadeghian's argument. For example, in *Wooley v. West*, 391 S.W.2d 157, 160 (Tex. App.—Tyler 1965, writ ref'd n.r.e.), West sued her brother, Wooley, for trespass to try title and alternatively for partition of a seven-acre property, alleging she had purchased the property from her separate funds and was entitled to the proceeds from the sale of the property, and she requested that she be reimbursed for expenditures in preserving the property. Wooley generally denied the allegations. *Id.* Judgment was entered for West in certain respects and Wooley in others, but as pertinent here, Wooley was found to have contributed "more services than the plaintiff toward the purchase price of the property," and the jury found the value of those services was $250. *Id.* On cross-appeal, West argued no pleading supported this award. *Id.* The court of appeals agreed and concluded Wooley's "claim for services in connection with the purchase of the property cannot be considered as an equitable claim growing out of the joint tenancy and therefore any claim for such services would require affirmative pleadings in order to support a recovery thereon," but that even if the

claim "could be considered as a claim for equitable relief growing out of the co-tenancy, pleadings in support thereof would nevertheless be required." *Id.* at 161.[3]

In a case this Court decided more recently than those cited by Sadeghian, we applied the normal pleading rules in a partition suit. *See Bailey-Mason v. Mason*, 334 S.W.3d 39 (Tex. App.—Dallas 2008, pet. denied) (stating party seeking reimbursement in partition suit was "required to plead and prove entitlement to such relief"). In that case, the appellee sued for partition and the trial court ultimately ordered the property in question sold and the proceeds distributed to the parties according to their interests. *Id.* at 42. The appellant argued on appeal, among other things, that if appellee owned one half of the property in question, the trial court should have ordered her to reimburse the appellant for the appellant's expenses incurred related to the property, including taxes. *Id.* at 45. This Court concluded the appellant's reimbursement claim for taxes failed because her pleading was insufficient to support recovery of the taxes—her pleading "sought reimbursement only 'for improvement to the property.'" *Id.*

---

[3] In another case cited by Sadeghian, *Gonzalez v. Gonzalez*, 552 S.W.2d 175, 178 (Tex. App.—Corpus Christi 1977, writ ref'd n.r.e.), the court did not address any question of the sufficiency of pleadings in a partition suit, but we note that the plaintiff sued for partition and sought to recover "the reasonable value of the use of rents and revenues on their portion of the properties" in question and to make "any and all adjustments which it may, in equity, find to exist." The defendant in his answer and counterclaim alleged, among other things, he was entitled to a credit for all expenses, charges, and debts incurred in the maintenance and protection of the properties. *Id.*

Here, Sadeghian's pleading did not seek any reimbursement. Accordingly, we follow *Bailey-Mason* and conclude the trial court erred in awarding her damages for property taxes and maintenance and repair.

Nevertheless, we must consider whether these issues were tried by consent because "[t]rial by consent can cure lack of pleading." *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018). When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. TEX. R. CIV. P. 67. An issue is not tried by consent merely because evidence regarding the issue is admitted; instead, we examine the record "for evidence of *trial* of the issue." *Bos*, 556 S.W.3d at 306–07 (emphasis in original) (quoting *Sage Street Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 446 (Tex. 1993)). A party's unpleaded issue may be deemed tried by consent when evidence on the issue is developed under circumstances indicating both parties understood the issue was in the case, and the other party failed to make an appropriate complaint. *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 771 (Tex. App.—Dallas 2005, pet. denied). Trial by consent does not occur where the complaining party properly objects to the submission of issues not raised by the pleadings. *Webb v. Glenbrook Owners Ass'n, Inc.*, 298 S.W.3d 374, 380 (Tex. App.—Dallas 2009, no pet.). The rule of trial by consent is limited to those exceptional cases where the parties clearly tried an unpleaded issue by consent—it

–11–

should be applied cautiously and not in doubtful situations. *Elliott v. Hollingshead*, 327 S.W.3d 824, 837 (Tex. App.—Eastland 2010, no pet.).

As described above, the reporter's record demonstrates trial of Sadeghian's claims for reimbursement for property taxes and maintenance and repair expenses. However, the parties agreed in their motion for new trial and response to the motion for new trial that, before trial commenced, Rahmani and FWLI objected to the trial of Sadeghian's claims, and Rahmani and FWLI again objected to relief on the unpleaded claims in their motion to reopen, which was filed before the trial court rendered judgment. Under these circumstances, we cannot conclude the issue of reimbursement was tried by consent. *Cf. Hampden Corp. v. Remark, Inc.*, 331 S.W.3d 489, 497 (Tex. App.—Dallas 2010, pet. denied) (in determining whether claim was tried by consent, considering, among other things, post-trial brief objecting to relief on unpleaded claim); *Cont'l Homes of Tex., L.P. v. City of San Antonio*, 275 S.W.3d 9, 17 (Tex. App.—San Antonio 2008, pet. denied) (finding parties had not tried by consent unpleaded defense when opposing party, among other things, objected in motion for new trial to trial court's findings and conclusions relying on the defense); *Compass Bank v. MFP Fin. Services, Inc.*, 152 S.W.3d 844, 856 (Tex. App.—Dallas 2005, pet. denied) (concluding trial court did not abuse discretion in finding no trial by consent on claim when, among other things, party objected in post-trial brief that party seeking relief failed to plead the claim).

Because the trial court awarded Sadeghian relief for which she had not pleaded, we reverse and render judgment for Rahmani and FWLI on Sadeghian's reimbursement claims for property taxes and maintenance and repair. Having rendered judgment on this issue, we do not reach Rahmani and FWLI's second issue in which they complain the trial court erred in denying their motion to reopen evidence on the claims. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse and render judgment for Rahmani and FWLI on Sadeghian's reimbursement claims for unpaid taxes and maintenance and repair. We affirm the judgment in all other respects.

220759f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FAZEL RAHMANI & FORT
WORTH LEGACY
INVESTMENTS, L.P., Appellants

No. 05-22-00759-CV        V.

AMY SADEGHIAN, Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-06526.
Opinion delivered by Justice
Molberg. Justices Pedersen, III and
Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding Sadeghian damages for property taxes and maintenance and repair expenses, and we **RENDER** judgment that Sadeghian take nothing on those claims. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that appellants FAZEL RAHMANI & FORT WORTH LEGACY INVESTMENTS, L.P. recover their costs of this appeal from appellee AMY SADEGHIAN.

Judgment entered this 11th day of March, 2024.